## MORGAN *v.* REINTZEL.

1812.

March 9th

*Present.....All the Judges.*

ERROR to the Circuit Court for the district of Columbia sitting in Washington, in an action of *assumpsit* brought by *Reintzel* against *Morgan* upon a promissory note made by *Morgan* payable to *Reintzel*, or order.

The declaration contained three counts: 1st. Upon the promissory note in the usual form under the *statute of Anne*; 2d. For money *paid, laid out, and expended;* and 3d. The following special count, viz. :

"And whereas also afterwards, to wit, on," &c. "the said William Morgan, *according to the custom and usage of merchants*, made his certain note in writing, commonly called a promissory note, his own proper hand being thereto subscribed, bearing date on the day and year aforesaid, (August 9th, 1809) by which said note the said William Morgan, sixty days after the date thereof, promised to pay to the said Anthony Reintzel, or order, five hundred dollars, without offsett, value received; and then and there delivered the said note to

In a suit against the maker of a promissory note, by an indorser who has been obliged to take it up, the Plaintiff must produce the note upon the trial. The payment of the money by the indorser after protest, is a good consideration for an assumpsit on the part of the maker to pay the amount of the note with costs of protest. The maker of a promissory note, payable

MORGAN
v.
REINTZEL

to order, is, under the custom of merchants, liable to refund the amount of the note and costs of protest to an indorser who has been obliged to take up the note after protest.

the said Anthony Reintzel; and the said Anthony Reimzel, to whom, or to whose order, the payment of the said sum of money, mentioned in the said note, was to be made, before the payment thereof or any part thereof, and before the time appointed by the said note for the payment thereof, that is to say, on the day and year last aforesaid, at the county aforesaid, indorsed the said note, his own proper hand writing being thereto subscribed; by which said indorsement the said Anthony Reintzel ordered and appointed the contents of the said note to be paid to the president, directors and company of the bank of the United States, and then and there delivered the said note, so indorsed, to the said president, directors, and company of the bank of the United States, of which said indorsement, so made on the said note, the said William Morgan, afterwards, to wit, on the day and year aforesaid, had notice; by reason whereof and also by force of the statute in such case made and provided, the said William Morgan became liable for, and chargeable to pay to the said president, directors and company of the bank of the United States, the said sum of money mentioned in the said note, according to the tenor and effect thereof, and in consideration thereof assumed upon himself so to do. And the said Anthony Reintzel avers that the said William Morgan, although afterwards, to wit, on the 8th day of October, in the year eighteen hundred and nine, at the county aforesaid, he, the said William Morgan, was called upon by the said president, directors and company of the bank of the United States and solemnly required to pay the sum of money in the said note mentioned, refused to pay the same; whereupon afterwards, upon the day and year last aforesaid the said president, directors and company of the bank of the United States, having made no order concerning the payment thereof, protested the said note at the county aforesaid, according to the said usage and custom of merchants upon such non-payment; by reason whereof the said Anthony Reintzel, according to the usage and custom of merchants became liable to pay to the said president, directors and company of the bank of the United States, the contents of the said note together with the interest and damage which should accrue from the delay of payment thereof, and being so liable, afterwards, to wit, on the day and year last aforesaid at the county

aforesaid" (did) " pay to the said president, directors MORGAN
and company, the contents of the said note and the         *v.*
costs of protest thereon, whereof the said William Mor- REINTZEL
gan afterwards, to wit, on the day and year last afore-
said at the county aforesaid, had notice; by reason of
the premises, and by force of *the statute* and usage and
custom of merchants; the said William Morgan became
liable to pay to the said Anthony Reintzel the said sum
of money in the said note mentioned and the said costs
of protest, and Being so liable afterwards, to wit, on the
day and year last aforesaid, at the county aforesaid,
upon himself assumed and to the said Anthony Reintzel
then and there faithfully promised to pay the same
when he should be thereunto afterwards required; and
which said costs of protest and the said sum of money
in the said note mentioned amount unto the sum of five
hundred and two dollars and twenty-eight cents current
money, whereof the said William Morgan afterwards,
to wit, on the day and year last aforesaid at the county
aforesaid had notice."

After a general verdict for the Plaintiff in the Court
below, upon the issue of *non assumpsit* to all the counts,
the Defendant moved in arrest of judgment, and as-
signed as a reason therefor, that the last count in the
declaration was bad.    The Court, however, overruled
the motion and rendered judgment upon the verdict.

The Defendant took out a writ of error; and the
cause was now submitted to this Court by F. S. KEY
for Plaintiff in error, and MORSELL for Defendant,
without argument.

*March 13th....All the Judges being present,*

MARSHALL, *Ch. J.* after stating the case, observed
that the Court could see no error in the judgment.

The payment of the money by the Plaintiff, under
the circumstances stated in the count, was a sufficient
consideration for the assumpsit.

The principal objection was that the count ought to
have been founded *upon the note,* so as to oblige the
Plaintiff to produce it on the trial.    But it states that

MORGAN
*v.*
PEINTZEL

the note was paid by the Plaintiff; and the Court thinks that the note must have been produced upon the trial.

*Judgment affirmed.*