## Case No. 4,027.

### DOUGHTY et al. v. HILDT.

[1 McLean, 334.] [1]

Circuit Court, D. Ohio. Dec. Term, 1838.

NEGOTIABLE INSTRUMENTS—COSTS OF PROTEST.

The payees [holders] of a promissory note are entitled to re-recover the costs of protest against an indorser: the note or bill being of that character which makes a protest evidence of a demand of payment.

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. Goddard, for plaintiffs.

OPINION OF THE COURT. This action was brought against the indorser of a promissory note, which is admitted by the default of the defendant; and the judgment being entered by default, a motion is made to instruct the clerk, to include the cost of the protest in the taxation of costs. In the case of Union Bank v. Hyde, 6 Wheat. [19 U. S.] 572, the supreme court say, "The nullity of a protest on the legal obligations of the parties to an inland bill, is tested by the consideration, that independently of statutory provisions, if any exist any where, or conventional understanding, the protest on an inland bill is no evidence in a court of justice of either of the incidents which convert the conditional undertaking of an indorser into an absolute assumption." And again, a protest on an inland bill or promissory note is not necessary, nor is it evidence of the facts stated in it. In Nicholls v. Webb, 8 Wheat. [21 U. S.] 326, the court say, "It does not appear that, by the laws of Tennessee, a demand of payment on promissory notes is required to be made by a notary public on a protest made for nonpayment, or notice given by a notary to the indorsers. And by the general law it is perfectly clear, that the intervention of a notary is unnecessary in these cases. The notarial protest is not therefore, evidence of itself, in chief, of the fact of demand, as it would be in cases of foreign bills of exchange; and in strictness of law it is not an official act. But, we all know, that in point of fact notaries are very commonly employed in this business; and in some of the states it is a general usage so to protest all dishonored notes, which are lodged in or have been discounted by the bank. The practice has, doubtless, grown up from a sense of its convenience and the just confidence placed in men who, from their habits and character are likely to perform these important duties with punctuality and accuracy. We may, therefore, safely take it to be true in this case, that the protesting of notes, if not strictly the duty of the notary, was in conformity to general practice and was an employment in which he was usually engaged."

The notary in the above case being deceased, his book in which he made entries of demands made on promissory notes, and parties given, was received as evidence. The usage to protest promissory notes discounted by banks or made payable at banks, is as universal, as to protest foreign bills of exchange. And it has been adopted for the same reason, the convenience of all who are engaged in commercial transactions. And it is believed to be the practice, in most states, to receive the protest, on a promissory note, the same as on a bill of exchange as evidence of demand. In some of the states this is regulated by statute. The note in question was given payable in a different state from

that in which the maker and indorser reside, so that strictly it is not an inland bill, but, by being indorsed and being made payable in a different state, assumes the character of a foreign bill, and the protest is every where received as evidence of demand. Buckner v. Finley, 2 Pet. [27 U. S.] 586; Phil. Ev. (Ed. 1839) 382. The holder of the note was bound to use due diligence to charge the defendant who was indorser, and a protest is a step which constitutes a part of that diligence. Proof of notice is rendered unnecessary in this case, as by the default, the defendant has admitted both demand and notice. In the case of Morgan v. Reintzel, 7 Cranch [11 U. S.] 273, the court decide that the maker of a promissory note, payable to order, is, under the custom of merchants, liable to refund the amount of the note and costs of protest, to an indorser who has been obliged to take up the note after protest. The indorser is responsible for the costs of protest, and may recover the amount from the maker of the note. And the holders of the note, in this case, are not less entitled to recover the costs of protest, because the defendant, by his default has admitted the right of action, than if he had contested the right. We think, it is proper, therefore, to include the costs of protest as a part of the judgment in this case.