### PHILLIPS et al. v. DREHER SHOE CO.

(District Court, M. D. Pennsylvania. January 9, 1902.)

#### No. 47.

BANKRUPTCY—INVOLUNTARY PETITION—SURETY OF INSOLVENT.

Under the bankruptcy law, a surety who has not paid the debt is not a creditor who may petition that the principal debtor be adjudged a bankrupt, the only right of such a surety under the law being to prove the debt after the principal is adjudged a bankrupt, in the event of the creditors' failure to do so.

In Bankruptcy. Rule to dismiss proceedings.

Charles P. Ulrich, for the rule.

A. W. Potter, for petitioners.

ARCHBALD, District Judge. On September 16, 1901, H. L. Phillips and nine others, all of Selins Grove, Pa., filed a creditors' petition against W. A. Dreher and Floyd A. Wetherby, trading as the Dreher Shoe Company, of the same place, to have them declared bankrupts on the ground that they were insolvent, and had made an assignment for the benefit of creditors. In the petition they set forth that they were creditors of the said company having provable claims amounting in the aggregate to $1,000, each of the petitioners being an indorser or surety upon one of a series of ten notes for $100 each, signed by the Dreher Shoe Company, dated May 1, 1901, and payable in one year from date; these notes having been discounted by the First National Bank of Selins Grove, and then held by it. On this showing a subpœna and order to show cause were issued, returnable October 26th, and duly served. No response was made at the return day by the alleged bankrupts, but on October 28th Fr. Otto Muller and two other creditors came in and obtained a rule to show cause why the proceedings should not be dismissed because the petitioners did not hold provable claims, and in this, on November 19th, the alleged bankrupts and two other creditors joined. A copy of one of the notes—which are all alike—was produced at the argument, and shows that the petitioners are not indorsers, but joint makers with the Dreher Shoe Company. But, however that may be, they were at the time of filing the petition, and still are, sureties, and no more. The bank holds the notes, by which they, as well as the principal debtors, are bound; and, while it declines to move, and has at the same time notified the sureties that they will be looked to, nothing has been done to enforce the obligations, which are, in fact, not yet due; nor have the sureties paid or been called upon to pay them. Under such circumstances it is difficult to see how the proceedings can be maintained. On each of the notes referred to the debt or claim is that of the holder of the obligation to whom it is

due, the surety having no direct interest in it, being only secondarily or contingently liable. He may pay the debt, and become the holder, with all the rights incident thereto; but unless and until he does he occupies a secondary and subordinate position. The right to move is, in the first instance, lodged in the one who is actually possessed of the obligation of the debtor. The surety has, however, an interest to protect, which the bankruptcy law recognizes; and, in order to accord him what it considers a proper measure of relief, it provides in section 57i that "whenever a creditor, whose claim against a bankrupt estate is secured by the individual undertaking of any person, fails to prove such claim, such person may do so in the creditor's name, and if he discharge such undertaking in whole or in part, he shall be subrogated to that extent to the rights of the creditor." No one has any rights under the bankrupt law outside of what it gives him, and those of a surety are defined by this section, beyond which he cannot go. By it he has the right to prove, in case the principal creditor fails to do so. He does not, indeed, have to discharge the obligation in order to have this privilege, but, in case he does do so, in whole or in part, he becomes entitled to that extent to the right of subrogation, and, in any event, when he proves the debt, he proves it not in his own name, but in that of the original holder. In re Christensen, 2 Nat. Bankr. N. 1094. The particular point to be noticed in the present connection with regard to the position of the surety is that he only has a right to prove in case the principal creditor fails to do so, and the latter cannot be said to fail until he has had an opportunity and passed it by, which can only occur when, by proceedings duly instituted, the estate of the debtor has been drawn into the bankruptcy court to be there administered, and all parties have been called upon to make known their claims. When that has been done, and he neglects to act, the surety, so as not to be prejudiced, may himself prove the debt in his stead. This, so far as I can see, is all the relief given by the act, and, whether adequate or inadequate, it must suffice. It follows from this that at the outstart the surety who has not taken up the obligation has no provable claim, and therefore has no standing to petition. It is not provided in the law that at that stage he can intervene, either in his own name or in the name of the creditor, and institute involuntary proceedings. All that he can do is to prove the claim later on, if the creditor fails to do so after somebody else has moved. This is the view taken by In re Riker, 18 Nat. Bankr. R. 393, Fed. Cas. No. 11,833, a case arising under the act of 1867, where the provisions were fully as favorable to the surety as here. Two of the petitioners there were indorsers on notes of the debtor, which had been turned over for value to a third party, in whose hands they had been dishonored at maturity, and the indorsers notified that they would be held; and, notwithstanding that their liability was so fixed, it was decided that they were not entitled to petition. "It seems," says Choate, J., "the notes objected to were not demands due absolutely to the petitioning creditors, but on which, in case the holders should not prove, they could make proof * * * in the creditor's name or otherwise. The holder is the creditor, who, in the first instance, has exclusively the right to prove;

and the liability of the maker to the indorsers is only contingent in its nature, and his claim is only provable in a certain event, which cannot happen until after the adjudication, viz., the neglect of the holder to prove." This is squarely to the point, and confirms my own reading of the law. Nor do I find anything to contravene it in Mace v. Wells, 7 How. 272, 12 L. Ed. 698, or in Re Nickodemus, 3 Nat. Bankr. R. 230, Fed. Cas. No. 10,254, relied on by counsel for the petitioners. I am forced, therefore, to conclude that the sureties had no standing to institute the present proceedings, which must accordingly fall.

The rule is made absolute, and the petition and all proceedings thereunder are dismissed.