## In re WATERLOO ORGAN CO.

### (Circuit Court of Appeals, Second Circuit. June 5, 1907.)

### No. 254.

1. BANKRUPTCY—CLAIMS—COLLATERAL BONDS.

Where bonds executed by a bankrupt were deposited with a bank as collateral for past and future indebtedness, the bank was required to elect whether it would make the bonds valid by allowing the notes for which the bonds were collateral to be covered into the bankrupt's estate, or press its claim as a general creditor on the notes, leaving the bonds without consideration; it not being entitled to prove the bonds as a secured claim without surrendering the notes.

2. SAME—FORECLOSURE OF MORTGAGE—INTEREST ON FUNDS.

A bankrupt corporation, having issued bonds secured by a mortgage, which after bankruptcy was conceded to be valid as to two-fifths of the property, but was contested by the trustee as to the remainder, the mortgagee, having retained possession of the proceeds of the property on foreclosure sale pending determination of the ownership thereof, was chargeable with interest at 3 per cent. on the entire proceeds during its possession.

3. SAME—TRUSTEE FOR BONDHOLDERS—LITIGATION—EXPENSE.

After the bankruptcy of a corporation having issued bonds secured by a mortgage payable to a bank as trustee, it was agreed that the mortgage was valid as to two-fifths of the property, but was contested by the trustee in bankruptcy as to the remainder. The litigation which was brought in a state court was undertaken in good faith and was not frivolous, but was conducted by the bank for the bondholders' benefit. *Held*, that the bank, pending appeal to the state Court of Appeals from an adverse decision, was entitled to an allowance out of the bankrupt's estate for expenses and services of attorneys in such litigation.

4. SAME—ATTORNEY'S FEES—BANKRUPT'S TRUSTEE.

Litigation by a bankrupt's trustee brought to reduce the number of claimants to a special fund belonging primarily to mortgage creditors not being frivolous, the trustee was entitled to the allowance of reasonable attorney's fees.

5. APPEAL—SUBSEQUENT APPEAL—QUESTIONS REVIEWABLE.

Where, on a prior appeal, the question of the validity of certain bonds issued by the bankrupt corporation and of the claim made thereon was presented and determined, the bankrupt's trustee was not entitled to contest questions relating to interest on such bonds on a subsequent appeal.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of New York.

This cause comes here upon petition to review an order of the District Court, Western District of New York, providing for the distribution of certain funds among the holders of the mortgage bonds of the bankrupt corporation. The facts sufficiently appear in the opinion. The opinions of the District Judge and of the referee are reported in 147 Fed. 814.

Frederick L. Manning, for Zartman, trustee.

Geo. E. Zartman, for petitioner.

Hammond & Hammond, for respondent.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

154 F.—42

LACOMBE, Circuit Judge. The corporation was adjudicated a bankrupt July 2, 1902. In 1894, the company executed a corporate mortgage or trust deed to the First National Bank of Waterloo to secure an issue of 80 bonds ($500 each). In the year 1899, another mortgage was executed to the same trustee to secure the same bonds. The later mortgage covered real estate and fixtures which the company had acquired after the making of the first mortgage, and it also assumed to cover all the personal property of every kind, except choses in action, which the company then owned or might thereafter acquire. It is conceded that two-fifths of the property is subject to the lien of the mortgages. As to three-fifths of the property, which was after acquired, the lien of the mortgages is disputed.

A few days before the filing of the petition in bankruptcy, the bank, as trustee under the mortgages, on default in payment of interest, took possession of all of said property both real and personal, and continued to operate it until the property was sold by the trustee in bankruptcy under an order of the bankruptcy court that it be sold as free and clear of incumbrances, and that the liens of the mortgages should follow the funds realized from such sale. No one seems to question the propriety of this order. It provided, among other things:

"That immediately after said sale the said two-fifths of the entire proceeds thereof shall be distributed by this court in pro rata payments to the holders of the bonds of the said bankrupt which are secured by said mortgages and which shall be established before this court as valid obligations of said bankrupt."

The order then provided for the retention, pending the controversy as to title thereto, of the other three-fifths of the proceeds by the bank, upon interest at 3 per cent. per annum, which was the same rate which it was then paying upon moneys deposited with it upon certificates of deposit.

As to the three-fifths, the trustee in bankruptcy brought suit in the state court against the bank, trustee under the mortgages. He succeeded at the trial and at the Appellate Division, and the case is now pending on appeal to the Court of Appeals. At the sale, November 25, 1902, the bank bought in the property for $25,800. It held it, carrying on the business and looking for a purchaser until, about June 1, 1903, it sold the entire property to the Vough Piano Company for the same price, $25,800. The piano company was composed, in part at least, of persons interested in the bank. It paid the purchase price to the bank January 20, 1906, but without interest. The questions here presented deal only with questions arising upon distribution of the two-fifths.

After the sale, opportunity was given to the bondholders to establish their bonds before the referee in bankruptcy. Two bonds presented by one Francis Bacon were presented and allowed, but upon petition for review this court disallowed them. See 134 Fed. 341, 67 C. C. A. 255. Twenty-one bonds were presented by the Waterloo Bank. They were allowed by the referee and the District Court, and upon petition for review this court affirmed such allowance. See 134 Fed. 345, 67 C. C. A. 327.

1. It was contended by the trustee in bankruptcy that the referee should not allow the 21 bonds held by the bank unless the bank should deliver to him $10,500 of the notes which the bank produced, made or indorsed by the Waterloo Organ Company. The referee and the district court declined to require the surrender of such notes, upon which the bank is making claim as a general creditor of the bankrupt's estate. This question has already been disposed of here. We found that there was a valid consideration for the issue of these 21 bonds, which were turned over to the bank as collateral security for past and future indebtedness, only in the circumstance that "upon the delivery of the bonds the bank immediately increased its line of discounts to the company, and the indebtedness of the company to the bank was largely increased, and so continued down to the time of the adjudication, when the amount of paper on which the company was directly liable was about $11,000, or a sum in excess of the par value of the bonds." The $10,500 represented by these company notes cannot be used both as a valid consideration passing from the bank to the company to uphold the issue of the bonds, and also as a debt owing from the company to the bank to be paid back irrespective of what may happen to the bonds. The bank must elect whether it will make the bonds valid by allowing the consideration it gave for them (these notes) to be covered into the bankrupt estate, or will press its claim as a general creditor on the notes, leaving the bonds unsupported by the payment of any consideration for the same, and therefore invalid.

2. The trustee contends that the bank should be charged with interest at the rate of 6 per cent. upon the purchase price of the property from the date of its sale in June, 1903, till the actual payment of the purchase money in January, 1906. The referee charged it with interest for two years only at 3 per cent. We concur with the district judge in finding that the bank should pay 3 per cent. on the entire fund; the two-fifths as well as the three-fifths, but think that it should be charged that rate for the full period, two years and seven months. It is unnecessary to add anything to the opinions of the referee and district judge reported in 147 Fed. 814.

3, 4. We concur with the District Court in its conclusion affirming the referee's allowance to the bank for services as trustee for the bondholders under the mortgage and reversing the referee as to separate allowance for payment of coupons. As to the allowance for expenses and services of attorneys of the bank, as trustee, in the litigations, the value of the services is not disputed, and it is admitted that $270.65 for services in the bankruptcy court was properly allowed. It is contended that no allowance for services in the litigations in the state court should now be made, but that such question should be reserved until after decision by the state Court of Appeals, and the whole services be charged against the three-fifths in the event of success. A decision in the state court, however, if adverse to the mortgagee, would leave the trustee for bondholders personally responsible for these expenses of a litigation instituted and maintained for the benefit of all the bondholders. We are not prepared to hold that such litigation was frivolous or not undertaken in good faith, and see no reason why the allowance should not now be made.

5. The trustee in bankruptcy presents a bill for services and attorney's fees in the controversy (which was heretofore brought up to this court) as to the validity of the two bonds held by Bacon and the 21 bonds held by the bank. That litigation was not a frivolous one, as our former opinions indicated, and, since its object was to reduce the number of claimants upon the special fund belonging primarily to the secured (mortgage) creditors, that fund is the proper one to bear the expense. The charge seems to be excessive. The referee, who disallowed it altogether, did not pass upon the amount. Such amount may be determined in the District Court.

6. In proving claim upon the 21 bonds held by the bank and referred to as the collateral bonds, the interest represented by coupons maturing before bankruptcy was included. The coupons on all the other bonds, to and including December 1, 1901, were removed and paid as they fell due. It is unnecessary to discuss the argument now presented by the trustee in bankruptcy against this allowance. All questions as to interest on the bonds should have been presented and argued when the subject of the validity of the bonds themselves and of the claim made upon them was before this court on the former appeal.

The decree of the District Court is modified as above indicated, and cause remanded, with directions to decree in conformity with this opinion, without costs of this court.

NOTE.—Judge TOWNSEND heard argument, participated in the consultation, and voted to dispose of the cause as above indicated, but did not see the opinion.