## In re WATERLOO ORGAN CO.

(Circuit Court of Appeals, Second Circuit. February 11, 1908.)

### No. 154.

BANKRUPTCY—CLAIMS—COLLATERAL BONDS.

A bank having taken $10,500 of bankrupt's bonds to secure indebtedness to it on bankrupt's own and indorsed negotiable paper, holding $11,-000 of bankrupt's own and $49,000 of its customers' notes when the petition in bankruptcy was filed, and the Circuit Court of Appeals having directed that the bank must elect whether it would make the bonds good by allowing the notes for which the bonds were collateral to be covered into the estate, or would press its claim as a general creditor on the notes, leaving the bonds without consideration, the District Court properly ordered that the bank might, before dividend, account with the trustee for the bonds by delivering to him notes in equal amount "made" or "indorsed" by bankrupt and discounted by the bank for bankrupt before bankruptcy; it appearing that part of the $11,000 worth of bankrupt's own notes have passed out of the bank's possession.

Petition for Revision of Proceedings of the District Court of the United States for the Western District of New York, in Bankruptcy. See 154 Fed. 657.

This cause comes here upon a petition to review an order which provided that the First National Bank of Waterloo might, before dividend, account with the trustee for 21 bonds of the organ company by delivering to him notes made or indorsed by said organ company which were discounted by said bank for said company prior to its bankruptcy, and which the bank still holds unpaid as valid obligations of

the company. Upon delivery of such notes to the amount of $10,500, the par value of the 21 bonds, the bank was to retain the same, with right to prove claim upon them. If the bank should be unable to deliver such notes to that amount, it was to retain bonds only to the amount actually delivered, returning the balance of the bonds to the trustee.

Frederick L. Manning and George E. Zartman, for petitioner.

J. N. Hammond, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The explanation of this order is found in earlier decisions of this court, made in this same proceeding. 134 Fed. 341, 67 C. C. A. 255; 154 Fed. 657, 83 C. C. A. 481. At the time of bankruptcy the bank held 21 $500 bonds of the bankrupt corporation. It was contended that they had been issued without consideration and were void. It was shown that they were taken as collateral security at a time, when the company was indebted to the bank on its own and indorsed negotiable paper in the amount of about $30,000; that the company wanted a larger amount of discounts, and that under an agreement then made and upon collateral then furnished (including the bonds) the bank increased the discounts by much more than $10,500, so that at the time of filing petition in bankruptcy it held $11,000 notes of the corporation and about $49,000 of customers' notes indorsed by it.

This court held on the first appeal that consideration for the bonds was sufficiently shown and that the bank could prove them as a claim. On the second appeal the trustee contended that the bank should deliver to him $10,500 of the notes which the bank produced, made or indorsed by the organ company; and it was held that the same notes could not be used to make out a valuable consideration for the bonds and also be independently proved upon as existing indebtedness, and we directed that the bank must elect whether it would make the bonds good by allowing the consideration it gave for them (these notes) to be covered into the bankrupt estate, or would press its claim as a general creditor on the notes, leaving the bonds without consideration. In discussion of the question the phrase was used "the $10,500 represented by these company notes"; but it is quite apparent from both opinions that no differentiation was made between organ company paper and customer's paper indorsed by it, upon which the bank had advanced money subsequent to the transfer of the bonds. It now appears that some of the corporation notes (part of the $11,000) have passed out of the possession of the bank; but that is immaterial, so long as the bank can deliver the $10,500 in notes made or indorsed by the organ company.

The order is affirmed, with costs.