In re MATTHEWS, Inc.

## In re KNICKERBOCKER TRUST CO.

### (District Court, S. D. New York. May 17, 1911.)

1. BANKRUPTCY (§ 214*)—CLAIMS—SECURITY—COLLATERAL—SALE.

Where bonds deposited as collateral to a corporation's note were simple promises to pay, not secured, and had never been issued by the bankrupt until delivered to secure the bankrupt's note, the creditor was not entitled to sell the bonds to realize funds with which to pay the note; since to do so would simply increase the corporation's indebtedness, to the prejudice of other creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 320–327; Dec. Dig. § 214.*]

2. BANKRUPTCY (§ 214*)—PLEDGED COLLATERALS—SALE OF EQUITY—EFFECT.

Where a corporation's obligations in the form of unsecured bonds were originally pledged by the corporation as security for its note, the fact that the corporation's equity in certain of the pledged notes was sold to others did not affect the rights of the corporation and the pledgee, nor the rights of other creditors of the corporation, with reference to the debt evidenced by the bonds, on the corporation becoming bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 320–327; Dec. Dig. § 214.*]

In the matter of bankruptcy proceedings of John Matthews, Incorporated. Claim of Knickerbocker Trust Company. On motion to modify an injunction so far as to grant the trust company leave to sell certain debenture bonds issued by the bankrupt as collateral for the bankrupt's note. Motion denied.

Davies, Auerbach, Cornell & Barry (Herbert Barry, of counsel), for petitioner.

Thomas & Oppenheimer (Leo Oppenheimer, of counsel), for receiver.

HOLT, District Judge. This is a motion by the Knickerbocker Trust Company to modify an injunction issued in this proceeding, so far as to grant the trust company leave to sell certain debenture bonds issued by the bankrupt for $29,000, and held by the trust company as collateral for a note of the bankrupt for $16,693.20. The bonds in question are in form simply promises to pay money. They are not secured by any mortgage or other security. They never were issued by the bankrupt until they were delivered to the trust company as security for its note. The trust company now proposes to sell these bonds. It claims to hold them as collateral security for the note, and to have the right to sell the bonds, apply the proceeds on the note, and then prove as an unsecured creditor for the balance of the note. In this way an indebtedness of $16,000 might easily be increased to an indebtedness of about $45,000. In my opinion, the delivery of these bonds to the Knickerbocker Trust Company added nothing to the security of their note. Their note was a promise to pay about $16,000. That was the sole indebtedness due to the trust company from the bankrupt. By delivering to it debenture bonds for $30,000 more, no

additional security was given, but, simply another promise of the bankrupt to pay money. The amount due was the amount stated in the note. When that amount is paid, the trust company's claim will be satisfied. After bankruptcy, it would be unjust to the other creditors to permit the trust company, by selling these bonds, to apparently establish a large additional indebtedness, for which there was no consideration. No precisely similar case is cited by either side upon the question, but the principle involved is illustrated in Re Waterloo Organ Co., 20 Am. Bankr. Rep. 110, 159 Fed. 426, 86 C. C. A. 406. The question is itself novel, but in my opinion the true position of the trust company is that of an unsecured creditor. It is entitled to prove for the amount of the note, but is not entitled to sell the bonds, and thereby create an additional indebtedness.

I do not perceive any valid distinction between the 6 bonds, the equity in which is alleged to have been sold to George and John H. Matthews, and the remaining 23 bonds. All were admittedly originally issued and delivered by the bankrupt to the trust company simply as collateral to the bankrupt's note. The fact that the equity in 6 of them was afterwards formally sold does not, in my opinion, affect the rights of the original parties or of the creditors of the bankrupt.

The motion to modify the injunction is therefore denied.