## In re ASTOROGA PAPER CO.

### SHALL v. NEWBERRY.

(District Court, N. D. New York. August 7, 1916.)

1. BANKRUPTCY &#8258;316(3)—CLAIMS—CONTINGENT CLAIMS.

The surety of an indorser for a bankrupt whose liability is contingent cannot prove a claim of his own by reason of such liability, for it is only the creditor's claim which is provable.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 475; Dec. Dig. &#8258;316(3).]

2. BANKRUPTCY &#8258;315(1)—CLAIMS—RIGHT TO PROVE.

To secure indorsers of its notes, a bankrupt executed its bonds secured by a mortgage to a trustee, and delivered the bonds to the indorsers. The notes were paid by the indorsers, the mortgage foreclosed, but the proceeds of the mortgage proved insufficient to satisfy the claims of the indorsers, and they assigned the notes which they had paid to a third person who proved them against the estate of the bankrupt. *Held*, that the indorsers were not entitled to prove against the bankrupt's estate a deficiency judgment rendered on foreclosure, for there was only one

debt, and until the indorsers paid the notes, they had no right to prove any claim against the bankrupt's estate, nor was the trustee named in such trust mortgage.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 491; Dec. Dig. ☞315(1).]

3. BANKRUPTCY ☞323—CLAIMS—PRESENTMENT.

In such case, the indorsers are entitled to prove the face value of the notes, regardless of any payment received by reason of the security mortgage, and apply the proceeds of the mortgage on the balance of his claim, or on the deficiency judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 503, 505, 513; Dec. Dig. ☞323.]

In Bankruptcy. In the matter of the bankruptcy of the Astoroga Paper Company. Proceeding by Frank H. Shall, as trustee under a trust mortgage, against Samuel H. Newberry, as trustee in bankruptcy, to review order of referee disallowing the claim of petitioner. Order affirmed.

This is the review of an order of the referee in bankruptcy disallowing the claim of Frank A. Shall as trustee under a mortgage executed by the Astoroga Paper Company, now bankrupt, and which claim is based on a judgment for deficiency awarded by a judgment and decree of the Supreme Court of the state of New York for $50,061.91 on foreclosure of such mortgage, which was executed by said Astoroga Paper Company to such trustee to secure the payment of an issue of bonds of the aggregate par value of $50,000, consisting of 50 bonds of $1,000 each and which bonds were issued and delivered by said Astoroga Paper Company to George W. Sanborn, William F. Lansing, and W. F. Rathbun in consideration of and to secure them for their indorsement on certain promissory notes of the Astoroga Paper Company aggregating $77,500, and which notes have not been paid by the bankrupt.

Bronner & Ward, of Little Falls, N. Y., for claimant.

Samuel H. Newberry, of Little Falls, N. Y., in pro. per.

Geo. F. Handel, of New York City (A. M. Mills, of Little Falls, N. Y., of counsel), for creditors.

RAY, District Judge (after stating the facts as above). On the 15th day of January, 1913, an involuntary petition in bankruptcy was filed against the Astoroga Paper Company, and April 19, 1913, it was duly adjudicated a bankrupt accordingly. Prior to such bankruptcy and about July 31, 1911, the said Astoroga Paper Company executed and delivered to said Frank H. Shall, as trustee, a trust mortgage to secure the payment of an issue of 50 bonds for $1,000 each, and which were issued and delivered to George W. Sanborn, William F. Lansing, and W. F. Rathbun in consideration of and to secure them for their indorsements on certain promissory notes of said Astoroga Paper Company duly executed and issued and which are outstanding and aggregate $77,500. The mortgage was executed and delivered with the consent of the stockholders. On nonpayment of such notes the liability of the indorsers was duly fixed. The mortgage was duly recorded and covered all or nearly all the real estate, fixtures, etc., of said Astoroga Paper Company.

After the adjudication in bankruptcy application was made to the bankruptcy court for leave to foreclose such trust mortgage in the

state court, and leave was granted and judgment of foreclosure and sale obtained and entered, and the mortgaged property was sold pursuant to and by virtue thereof for the sum of $5,000, such sale of such property being made subject to a prior mortgage of $25,000, which was a lien thereon, and on such sale said William F. Lansing, one of such indorsers and bondholders, became the purchaser of the mortgaged property. This sale was duly confirmed by the state court and September 13, 1913, a judgment of deficiency for $49,582.41, with interest thereon from July 17, 1913, in all, $50,061.71, was authorized and directed by the Supreme Court of the state of New York in such action and was duly entered and docketed accordingly in favor of said Shall as trustee and against the bankrupt. This judgment has not been vacated or set aside or paid. September 18, 1913, said Frank H. Shall as trustee under such mortgage filed his proof of claim on and based on such deficiency judgment with the referee in bankruptcy for '$50,-061.71, and by order made after' hearing dated September 15, 1915, this claim was rejected and disallowed by the referee.

D. H. Burrill & Co., National Herkimer City Bank, Little Falls National Bank, and William F. Lansing, the owners of such notes, filed claims on such notes as unsecured creditors, but such claims were thereafter assigned to D. H. Burrill and are now owned by him, the indorsers having paid them and directed such transfer. Burrill advanced money to the indorsers to pay such notes and really holds them as collateral security.

So far as appears the ownership of the bonds has not been divorced from the ownership of such notes and of the claims filed based thereon. Hence D. H. Burrill now owns the notes and the bonds, and the trustee under the mortgage in effect holds the judgment for deficiency as security for the payment of such bonds which are held as security for the payment of such notes, or, rather, in place of them.

The proceeds of the sale of the mortgaged property has been applied on the bonds, and hence indirectly to reduce the notes. There is but one debt, viz., the claims or debts arising on the notes. The bonds were issued as collateral security for the indorsers on the notes and the mortgage was collateral to the bonds. Both the bonds and the notes were the obligations of the Astoroga Paper Company, now bankrupt, and were intended to secure the payment of the same debts. But the obligation and liability of the indorsers Sanborn, Lansing, and Rathbun arose on their contract of indorsement, and the bonds as stated were issued and delivered as security to them for their indorsements.

The referee finds that the mortgaged property was of the fair value of $30,000, and that it was subject to a prior mortgage of $25,000, which was assumed by the purchaser, and that on such foreclosure sale the property sold for $5,000, over and above such prior mortgage. After payment of taxes and costs the balance of the said $5,000 has been applied as stated on such bonds held by the owner of such notes bearing such indorsements.

Until the indorsers should pay such notes their liability was contingent; that is, they were liable to pay such notes if the Astoroga Paper Company did not. The owner and holder or owners and holders of

such notes had and have a claim on such notes against the estate in bankruptcy and are entitled to prove same and have same allowed and receive their dividend. The indorsers being liable to the holders for the amount of the entire indebtedness created by the notes are entitled to the benefit of their security and promises to pay evidenced by the bonds and deficiency judgment, and the question is: Is this a provable and allowable claim in their favor or in favor of the holder of the notes, in addition to the proof and allowance of the claim of the present holder of the notes? The evidence shows that the indorser Lansing has taken up and paid all of such notes on which he was indorser as aforesaid. As stated such notes and the claims made and filed based thereon have been assigned to D. H. Burrill, but the fact stands out clearly that the indorsers paid the notes and caused them to be assigned to the present holder. It follows that really the indorsers or their assignee hold the notes and also the deficiency judgment founded on the bonds given to them as collateral for their indorsements. That is, having taken up the notes, and the proceeds of the mortgaged premises having been applied in reduction thereof by being applied on the bonds, such indorsers, through Shall, as trustee, who acts for their benefit and holds such judgment for their benefit as indorsers only, and has no other right to or in same, seek to have their claim on the notes allowed as a provable claim, and also their claim on the bonds held as collateral, and which in fact are the deficiency judgment, such deficiency judgment having been obtained thereon. The referee holds that to allow both would constitute a double filing and allowance of the same claim, in effect, to the same party or claimant.

[1, 2] A surety or an indorser for the bankrupt, whose liability is contingent, cannot prove a claim of his own by reason of such liability. It is only the creditor's claim which is provable. Insley v. Garside (C. C. A.) 121 Fed. 699, 58 C. C. A. 119; In re Dr. Voorhees Awning Hood Co. (D. C.) 187 Fed. 611, 633; In re Manhattan Brush Mfg, Co. (D. C.) 209 Fed. 997; Phillips v. Dreher Shoe Co. (D. C.) 7 Am. Bankr. Rep. 326, 112 Fed. 404.

The bankrupt corporation was liable over to the indorsers irrespective of the issue of bonds secured by the mortgage in case they paid the notes. The indorsers were and are entitled to the benefit of the mortgage held by the trustee, but the mortgaged property has been sold and the proceeds applied on the bonds held by the indorsers. They have had the benefit of their security so far as the mortgaged property is concerned. The holders of the notes have proved their claims thereon and such claims have been allowed reduced by the proceeds of the mortgaged property. The deficiency judgment represents the difference between the value of the mortgaged property and a part of the debts for which such indorsers were liable, and they hold the promise of the now bankrupt corporation to pay such difference, and such promise is evidenced by the bonds. The issue of these bonds was not a mere second promise of the company made to the holders of the notes to pay, but a new obligation to the indorsers on the notes secured by mortgage, but the security of the mortgaged property was inadequate.

The trustee under the mortgage has no independent interest. He represents the indorsers and can recover only for their benefit. If the bonds had been given directly to the indorsers as collateral for their indorsements and payment thereof secured by a mortgage to the indorsers, the situation and remedies in legal effect would be the same as now. The trustee under the mortgage has no greater rights than have the indorsers. But it seems to me that the claim of the present holder is not based on the indorsement merely, but on the promise of the Astoroga Paper Company to pay such bonds in case the indorsers paid such notes. As the indorsers have paid the notes the original holders of such notes cannot maintain their claims based thereon. If the indorsers had not paid then they could not prove a claim unless in effect, on the bonds, the independent obligation of the Astoroga Paper Company entered into for the benefit and protection of such indorsers.

If A. indorses the note of B., receiving a written promise of the maker of the note to pay him in case he is compelled to pay and which promise is secured by mortgage, and B. fails to pay and A. takes up the note and realizes on his mortgage 50 per cent. of what he paid, and B. goes into bankruptcy, can A. prove and have allowed his claim on the note and also a claim on the written promise? It seems to me that this cannot be done. Clearly not under the decisions unless in this case the execution of the bonds created a new and an independent debt based on a new consideration provable and allowable against the estate of the bankrupt for the benefit of the indorsers, thus giving them a double dividend from the funds of the estate available for distribution to general creditors. The assignment of the notes and claims based thereon to a third party has not added to the rights of the indorsers or increased the liability of the estate of the bankrupt.

I do not understand that the indorser on the note of a bankrupt who pays the note can prove up his claim on the note so paid and also on the implied promise of the bankrupt made at the time of the indorsement to repay him in case he is compelled to pay such note. I cannot see that the rights of the indorser against this estate are increased by taking from the maker of the note his bond or a written promise of indemnity to secure him for such indorsement. True when the indorser takes up the note he becomes its owner and may enforce his claim against the maker or his estate in bankruptcy. But if such indorser pays such note and has it assigned or transferred to a third person, and such third person proves his claim thereon against the estate in bankruptcy of the maker, it seems clear to me that the indorser holding collateral cannot also prove up another claim based on his indorsement of the note and such promise. He may enforce his collateral so far as necessary to pay any difference between the dividend received by the holder of the note on the entire claim and the amount of such claim, but this will not warrant the proof of a claim and a dividend on such difference or deficiency, as this would be a second dividend from the same fund on the same debt, or a part of it. I think In re Knickerbocker Trust Co. (D. C.) 188 Fed. 445, and In re Waterloo Organ Co., 159 Fed. 426, 86 C. C. A. 406, while not in point, throw light on the question involved.

I know of no case and am not pointed to one where it is held that the secured indorser on a note of a corporation or individual, later bankrupt, and who is compelled to take up and pay such note, may prove and have allowed a claim on the note and also a claim on the promise of such bankrupt accompanying the security to reimburse the indorser. These bonds and this deficiency judgment are not held by a bona fide purchaser for value, but in trust for the benefit of the indorsers, and the only consideration for their issue and delivery to the indorsers was their indorsement of the notes. The consideration for the indorsement was the bonds, promises of the maker of the notes, secured by mortgage on real estate, etc. The pledge was of that particular mortgaged property and not of all the estate of the now bankrupt or of any part of his other property. The promise contained in the bonds is not based on a new and an independent consideration, but on the liability of the indorsers created by his indorsement. Their payment of the notes indorsed by them give them the right to prove their claim thereon and collect of the maker or his estate and also enforce their collateral, but does not entitle them to a second dividend on that liability from the general estate.

[3] This court is of the opinion that the referee was right in disallowing the claim of Shall as trustee on the deficiency judgment, but thinks that the claim on the notes should have been allowed without deduction on account of the enforcement of the collateral. On taking up the notes the indorsers were entitled to prove their claim for the full amount thereof and receive a dividend on the full amount of such claim and then apply the proceeds of the mortgaged property applicable to the payment of the balance of the claim on the bonds or deficiency judgment. People v. E. Remington & Sons, 121 N. Y. 328, 24 N. E. 793, 8 L. R. A. 458; Lewis, Trustee, v. United States, 92 U. S. 618, 623, 23 L. Ed. 513; 8 Cyc. 325, and cases there cited. If the dividend should equal the claim or claims, that would end the matter and the deficiency judgment could not be enforced. If less than the claims then the collateral is to be applied, but the second promise found in the bonds is but a reiteration of the implied undertaking of the maker of the notes to reimburse the indorser in case he was compelled to pay.

When the indorsers indorsed the notes in question there was an implied promise on the part of the maker to pay them any sum they should be obligated and compelled to pay by reason of such indorsement. M'Lemore v. Powell, 12 Wheat. 555, 556 (6 L. Ed. 726), where it is said:

"In general, the indorser, by paying the bill, has a complete power to reinstate himself in the possession and ownership of the bill, and thus to entitle himself to a personal remedy on the instrument against all antecedent parties."

See, also, Morgan v. Reintzel, 7 Cranch, 273, 3 L. Ed. 340.

A second promise to pay accompanying the pledge of property as collateral security for the indorsement does not give the right to a second dividend from the estate of a bankrupt on the same debt. In 8 Cyc. 325, it is said:

"The holder of a note to whom the insolvent maker has indorsed another note as collateral cannot prove both notes against the insolvent estate"—citing In re Sherry, 101 Wis. 11, 76 N. W. 611.

There will be an order affirming the order of the referee disallowing and rejecting the claim on the deficiency judgment.