Misc. 515]     Surrogate's Court, Bronx County, December, 1926.

Children's Court.   A similar case arose in California in the case of *Dupes* v. *Superior Court* (176 Cal. 440).   It was there held that the fact that a litigation was pending in the Superior Court between parents, and that an order regarding the custody of the children had been made therein, did not prevent the exercise of the power of the Juvenile Court relative to proceedings concerning such children.

The relator is not without redress herein because of any conflict of jurisdiction, but he has not followed the proper procedure.   He seeks here to be discharged from custody because of his contention that the warrant under which he was arrested was illegal and void, but the Children's Court had full authority to issue the warrant and it is valid and binding.   The relator should make application either to the Children's Court or to this court, showing the facts relative to the conflict of jurisdiction, and ask for relief, and upon such application no doubt a proper disposition of the matter will be made, not because the warrant is illegal, but because of such additional facts entitling him to relief.

The application of the relator is, therefore, dismissed, and he is ordered remanded into the custody of the sheriff under said warrant of arrest.

---

In the Matter of the Judicial Settlement of the Account of Proceedings of IDA TAUBIN, as Administratrix, etc., of ABRAHAM TAUBIN, Deceased.

Surrogate's Court, Bronx County, December 29, 1926.

**Executors and administrators — claims against decedent's estate — estate is insolvent and is liable for payment of notes on which persons termed " contingent claimants " are accommodation makers or indorsers — claim as to notes has been presented and allowed and is primary liability against estate — distribution of estate should not await determination as to possible liability on part of " contingent claimants."**

Upon an accounting proceeding of the estate herein, which is insolvent and liable for the payment of certain notes on which persons termed " contingent claimants " are accommodation makers or accommodation indorsers, the distribution of the balance of the funds of the estate should not await the fixing of the amount of the liability of said " contingent claimants," for the liability of the estate on the notes, claims as to which have been duly presented and allowed, is a primary liability and payment should be made thereon to the extent of the available assets.

ACCOUNTING proceeding.

*Philip C. Samuels,* for the administratrix.

*Benjamin F. Steinberg,* for Samuel Taubin.

Surrogate's Court, Bronx County, December, 1926.    [Vol. 128

*Kahn & Zorn,* for Louis Phillips and others.

*Morris M. Baker,* for Joseph Hilton and others.

*Julius Irving Krefetz,* for Albert H. Adelson.

*Edmund J. Donegan,* for United States Fidelity and Guaranty Company.

*Reich, McNally & Lehr,* for Jacob Lipshitz.

*Joseph E. Kinsley,* special guardian.

*George P. Nicholson, Corporation Counsel,* for the City of New York.

SCHULZ, S.    It appears that all of the objections which have been filed in this matter have been withdrawn and that the account has been amended.    Upon the settlement of the decree, however, it will be necessary to determine whether the balance on hand for distribution shall be directed to be paid to the city chamberlain to await the fixing of the amount of the liability of the " contingent claimants " or whether distribution shall be made to the " regular creditors."

The facts as set forth in the accounting and urged upon the argument before me are as follows:

The estate is insolvent and is liable for the payment of certain notes of which other persons termed " contingent claimants " are accommodation makers or accommodation indorsers.    It is contended by the administratrix that as the " contingent claimants " may have to pay a part or all of the said notes, no distribution should be made to the holders thereof, whom she calls " regular creditors," until the amounts that the former are compelled to pay are fixed, so that such " contingent claimants " will be in a position to file their claims for the same, and, hence, that the decree should direct the deposit of the balance, ready for distribution, with the city chamberlain.

If the contention of the administratrix is correct, no distribution can be made to a " regular creditor " until the amount which the " contingent claimant " may be required to pay is fixed.    As this cannot be determined until the estate funds are applied as far as possible to the payments of the notes, it would seem to follow that no distribution could be made until all possible liability on the part of the " contingent claimants " is in some way barred, a result manifestly incorrect.

There is only one debt due from the estate and possibly from the accommodation maker or indorser on each note; hence every

payment made by the estate upon a note reduces the possible liability of the "contingent claimant" on the same by just so much and, therefore, is to that extent a payment in his favor. If the holder of a note could prove his claim against an insolvent estate, obtain his *pro rata* payment on the full amount thereof and subsequently the accommodation indorser or maker also prove a claim for the amount which he had to pay by reason of the insolvency of the estate, it is evident that the amount provable against the estate would be in excess of the amount evidenced by the note, and that a preference would result which is not permissible.

Section 207 of the Surrogate's Court Act does not apply to the situation here presented. The liability of the estate on these notes is not contingent or secondary; it is a primary liability, and as the claim has been duly presented and allowed, and payment thereon has been and will be made to the extent of the estate's available assets, the "contingent claimants" cannot also prove their possible claims. What the rights of the "contingent claim-ants" would be if the "regular creditors" had not proved their claims, is not now before me and hence I do not decide that question.

While no case directly in point has been drawn to my attention, the reasoning applicable is analogous to that which has been applied in bankruptcy proceedings. Thus in *Matter of Astoroga Paper Company* (234 Fed. 792) the court said (at p. 795): "A surety or an indorser for the bankrupt, whose liability is contingent, cannot prove a claim of his own by reason of such liability. It is only the creditor's claim which is provable." (Citing cases.) And again (at p. 796): "I do not understand that the indorser on the note of a bankrupt who pays the note can prove up his claim on the note so paid and also on the implied promise of the bankrupt made at the time of the indorsement to repay him in case he is compelled to pay such note. I cannot see that the rights of the indorser against this estate are increased by taking from the maker of the note his bond or a written promise of indemnity to secure him for such indorsement. True when the indorser takes up the note he becomes its owner and may enforce his claim against the maker or his estate in bankruptcy. But if such indorser pays such note and has it assigned or transferred to a third person, and such third person proves his claim thereon against the estate in bankruptcy of the maker, it seems clear to me that the indorser holding collateral cannot also prove up another claim based on his indorsement of the note and such promise. He may enforce his collateral so far as necessary to pay any difference between the dividend received by the holder of the note on the entire claim

and the amount of such claim, but this will not warrant the proof of a claim and a dividend on such difference or deficiency, as this would be a second dividend from the same fund on the same debt, or a part of it." (Citing cases.)

The decree will direct distribution to those entitled and not a payment to the city chamberlain.

Settle decree accordingly.