THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK
     E. DAWLEY; Individually and as President of the
     AMERICAN KARAKUL FUR SHEEP CO., INC., Appellant,
     *v.* CHARLES S. WILSON, Commissioner of the Division
     of Agriculture of the Department of Farms and Markets,
     and the COUNCIL OF FARMS AND MARKETS, Respondents.

Appeal — order dismissing certiorari appealable where
opinion indicates that dismissal was on question of law —
determination of commissioner of agriculture on claim under
section 139-f of Agricultural Law for loss of sheep killed by
dogs reviewable by common-law certiorari — full compensa-
tion should be awarded.

1. Where an order of the Appellate Division dismissing a certiorari
proceeding is silent as to the reason but the opinion indicates that
it was dismissed as matter of law and not in the exercise of discretion,

the order is appealable. (*People ex rel. Flynn* v. *Woods*, 218 N. Y. 124, followed.)

2. In the absence of an express provision in the Agricultural Law (Cons. Laws, ch. 1) that the decision of the commissioner or council in awarding or withholding an award of damages, under section 139-f providing for compensation to owners of domestic animals killed by dogs, should be final, such decision is reviewable by certiorari. (Code Civ. Pro. § 2120.) The act of determining such damages is *quasi* judicial, rather than purely administrative or ministerial. The question of fact should be determined judicially and not arbitrarily.

3. In enacting said statute the legislature has not qualified its declared purpose to make full compensation by limitations on the amount to be awarded. The amount of damages is to be determined and that amount is to be paid. (Agricultural Law, § 139-f.) Neither the commissioner nor the court may limit the language of the law by general notions of legislative wisdom or policy.

4. The Appellate Division, as indicated by the opinion, having passed upon the question of jurisdiction only, its order should be reversed and the appeal remitted thereto for consideration on the merits.

*People ex rel. Dawley* v. *Wilson*, 198 App. Div. 158, reversed.

(Argued October 6, 1921; decided October 11, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered July 13, 1921, which reversed an order of Special Term increasing, on certiorari, an award made by respondent to the relator for the value of sheep killed by dogs, and dismissed the proceeding.

*Thomas K. Smith* for appellant. The council acting in a judicial capacity, its decision can be reviewed by a writ of certiorari. (*People ex rel. Martin* v. *Westchester County*, 57 App. Div. 135; *People ex rel. Depew, etc.*, v. *Board of Railroad Commissioners*, 4 App. Div. 259; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Board of Health, etc.*, 12 N. Y. Supp. 561; *Matter of Fitch*, 147 N. Y. 334; *People* v. *Allen*, 52 N. Y. 538; *People* v. *County Court*, 56 Barb. 136; *City of Brooklyn* v. *Patchen*, 6

Wend. 47.) The legislature has established the machinery through which claimants may recover damages for loss and injury to live stock suffered through depredations by dogs. It specifically sets forth the rule of damages and how they shall be paid. Sums so recovered are not a gratuity, but a right. (Cons. Laws, ch. 1, §§ 139-f, 139-h.) The proceedings for the review of the decisions of the commissioner and council are fully authorized by the statutes. (*People* v. *City of Syracuse*, 128 App. Div. 702; *Southwick* v. *Southwick*, 49 N. Y. 501; *Germania Savings Bank* v. *Suspension Bridge*, 159 N. Y. 362; *Lazarus* v. *Metro. Elevated R. Co.*, 145 N. Y. 581; *Laird* v. *Carton*, 196 N. Y. 171.)

*Charles D. Newton, Attorney-General* (*Henry C. Henderson* and *T. Paul McGannon* of counsel), for respondent. The proceeding for the review of the determination of the commissioner of agriculture is without authority of law. (L. 1917, ch. 890.) The state has not consented to be brought in court, sued, impleaded, or to be pursued, by the claimant and its liability established for the gratuity provided under the Agricultural Law. (*Stone* v. *State*, 138 N. Y. 124; *Matter of Chapman*, 168 N. Y. 80; *People* v. *Westchester County National Bank*, 231 N. Y. 465; *Locke* v. *State*, 140 N. Y. 480; *Smith* v. *State*, 227 N. Y. 405; *United States* v. *Teller*, 107 U. S. 68; *Walter* v. *Cotter*, 19 How. [U. S.] 358; *Daily* v. *United States*, 17 U. S. Ct. Cl. R. 144; *Campbell's Case*, 12 U. S. Ct. Cl. R. 470; *Bank of Greencastle* v. *United States*, 15 U. S. Ct. Cl. R. 225; *Kaufman's Case*, 96 U. S. 570; *Gordon's Case*, 26 U. S. Ct. Cl. R. 307.)

POUND, J. The first question that presents itself is whether the order is appealable. It dismisses a certiorari proceeding. The order is silent as to the reason. The opinion indicates that it was dismissed as matter of law and not in the exercise of discretion. The order is

appealable. (*People ex rel. Flynn* v. *Woods*, 218 N. Y. 124.)

Relator presented a claim for $3,097 to the commissioner of agriculture under chapter 800, Laws of 1917, amending the Agricultural Law (Cons. Laws, ch. 1), section 139-f of which provided that the owner of domestic animals killed by dogs might present a verified claim for the damages caused thereby; that the commissioner should investigate the same and if it appeared that the alleged damages were caused by dogs, determine the amount of damages and issue duplicate certificates to the owner upon which the comptroller should issue his warrant to the state treasurer for the payment of the claim. The commissioner allowed this claim at $907.

Relator thereafter presented an additional claim for $4,718 under section 139-f of the Agricultural Law as amended by chapter 439, Laws of 1918. This claim went first to the assessors of the town of Manlius, Onondaga county, who filed their certificate with the department of farms and markets. The amended section provided that " the department may approve, reject or modify the determination of the assessors." This claim was allowed by the council of farms and markets at $394. A third claim of like nature for $1,120 was allowed by the council at $320. The council also reviewed and approved the determination of the commissioner of agriculture on the first claim. The commiss'oner and the council proceeded on the theory that as matter of law no awards should be made for valuable domestic animals in excess of the value of ordinary animals of the same species. The difference in the amount claimed and the amount allowed is thus explained. The animals of claimant which were killed were of the Karakul breed of fur-bearing sheep which are said to be rare and valuable. No evidence was offered to the contrary.

The Special Term granted a writ of certiorari under section 56 of the Farms and Markets Law and on the

return of such writ allowed the claims as presented. The question is whether such determinations are reviewable by certiorari.

The Agricultural Law contains no provision for a judicial review of the determination of such claims by the assessors, the commissioner of agriculture or the department of farms and markets, nor is there any provision therein making such determination final. The Farms and Markets Law (Laws of 1917, ch. 802, Cons. Laws. ch. 69), which became a law June 9, 1917, made substantial changes in the status of the department of agriculture and the commissioner of agriculture and in the administration and enforcement of the Agricultural Law. The former department of agriculture is now the division of agriculture in the department of farms and markets. Article 3 of the Farms and Markets Law provides also for a division of farms and markets; for investigation and proceeding by the council of farms and markets, its committees or commissioners; for the attendance and examination of witnesses, and for reports, rules and orders on matters within the jurisdiction of the department. Section 55 of the law provides for a review of such rules and orders by the department on a hearing before the council and section 56 provides for a court review of any " decision of the council *rendered as provided in the preceding section.*" Clearly this provision for judicial review does not in terms cover the determinations of the commissioner of agriculture or the determinations of the department of farms and markets under section 139-f of the Agricultural Law.

The Appellate Division held that no express authority was to be found in the statute for a review of the awards made herein. It thereupon declined further to review the awards and dismissed the proceeding. But even if its construction of the statutes was correct, this result was erroneous.

Certiorari may be issued at common law where the

power of the court to issue it is not expressly taken away by statute. (Code Civ. Pro. § 2120.) We must assume that the legislature had this method of review in mind when it adopted the provisions of the Agricultural Law which provided for the assessment of damages to domestic animals. Otherwise we would expect to find in the statute an express provision that the decision of the commissioner or the council should be final. The act of determining such damages is quasi judicial, rather than purely administrative or ministerial. The question of fact should be decided judicially and not arbitrarily. (*People ex rel. Steward* v. *Board of Railroad Commissioners,* 160 N. Y. 202.) The state permits the property rights of parties to be presented to the commissioner for determination and his errors of law possess no element of finality. The state provides for the enforcement of claims of owners of domestic animals for injuries done by dogs. The constitutionality of the statute applying money raised by a tax on dogs for the payment of such damages is not questioned. The state has not provided, as it has done in relation to the destruction of diseased animals, that the value determined shall be final (Agricultural Law, § 102) or that the compensation shall not exceed a certain sum stated. (Agricultural Law, § 107.)

Domestic animals of peculiar qualities, breeding and type such as the Karakul breed of fur-bearing sheep are said to have a greater value than the common varieties. The legislature has not qualified its declared purpose to make full compensation by limitations on the amount to be awarded. " The amount of the damages " is to be determined and that amount is to be paid. (Agricultural Law, § 139-f.) Neither the commissioner nor the court may limit the language of the law by general notions of legislative wisdom or policy.

The final question is what disposition should be made of the appeal. The opinion indicates that the question of jurisdiction alone was considered by the Appellate Division.

The order of the Appellate Division should be reversed and the appeal remitted thereto for consideration on the merits, with costs.

Hiscock, Ch. J., Hogan, Cardozo, McLaughlin, Crane and Andrews, JJ., concur.

Order reversed, etc.