In the Matter of the Application of ALBERT BECKLEY, Appellant, for an Award of Indemnity for the PURE-BRED HOLSTEIN-FRIESIAN BULL ROYAL KING CONSOLATION No. 46, and for an Order of Mandamus Directed to Hon. BERNE A. PYRKE, Commissioner of Farms and Markets of the State of New York.

BERNE A. PYRKE, Respondent.

Fourth Department, November 19, 1926.

Agriculture — application for peremptory mandamus to compel Commissioner of Farms and Markets to make award of $100 for tubercular bull slaughtered by State — application properly denied since certificate of award of $50 was issued pendente lite — appraisal of value not final — present application treated as certiorari, under Civil Practice Act, § 111 — Commissioner was required to determine whether Holstein-Friesian Registry Association, Inc., was " duly organized and recognized corporation or association " under Farms and Markets Law, § 96 — determination confirmed on proof before Commissioner.

Petitioner's application for a peremptory mandamus order to compel the Commissioner of Farms and Markets to make an award of $100 for a tubercular bull slaughtered by the State, was properly denied, for the reason that a certificate awarding indemnity was issued *pendente lite,* and was set up in the answering affidavit.

The appraisal by the Commissioner is not final, and the court is at liberty, under section 111 of the Civil Practice Act, to consider the application for a peremptory mandamus order as a certiorari proceeding to review the determination of the Commissioner, especially in view of the fact that the papers presented are sufficient for that purpose.

The Commissioner had the obligation of deciding whether or not the Holstein-Friesian Registry Association, Inc., is a " duly organized and recognized corporation or association " within section 96 of the Farms and Markets Law, and in doing so he was not entirely bound by the strict rules of evidence but had the right to resort to what might ordinarily be termed hearsay evidence, and he properly considered not only the statements in the petition but also reports from State secretaries of agriculture and other public officials.

The conclusion of the Commissioner was based upon sufficient evidence, and his determination is confirmed but without deciding generally that the Holstein-Friesian Registry Association, Inc., is not a " duly organized and recognized corporation or association." Upon another record, presenting different evidence, a contrary holding in this respect may be reached.

APPEAL by the petitioner, Albert Beckley, from an order of the Supreme Court, made at the Erie Special Term and entered in the

office of the clerk of the county of Erie on the 1st day of September, 1926, denying petitioner's application for an order of mandamus directed to the Commissioner of Farms and Markets of the State of New York.

*Greenleaf S. Van Gorder,* for the appellant.

*Albert Ottinger, Attorney-General [Henry S. Manley, Deputy Attorney-General,* of counsel], for the respondent.

PER CURIAM. The order appealed from denied an application for a peremptory mandamus order to compel the Commissioner of Farms and Markets to make an award of $100 to the petitioner for a tubercular bull slaughtered by the State. We approve of the denial of the application, for the reason that a certificate awarding indemnity had been issued *pendente lite* and was set up in the answering affidavit. This constituted a good defense to the application. (*People ex rel. ——— v. Baker*, 35 Barb. 105.)

If there had been an arbitration and an award pursuant to it, we should be constrained to hold a finding as to the value of the animal final and that, therefore, certiorari did not lie. (Farms & Markets Law, § 83; *People ex rel. Dawley v. Wilson*, 232 N. Y. 12.) But there was no arbitration. An appraisal was had resulting in a finding that such an animal as the one in question, if a " grade " animal, was worth fifty dollars, if a " pure-bred," one hundred dollars. Upon this appraisal, the Commissioner of Farms and Markets issued a certificate that the value of the animal was fifty dollars. The statute must be strictly construed, and we decline to attribute finality to a result reached thus informally. However, since the papers presented are sufficient, we shall treat this as a certiorari proceeding to review the determination of the Commissioner; this we are authorized to do by section 111 of the Civil Practice Act.

One obligation resting upon the Commissioner was to decide whether or not the Holstein-Friesian Registry Association, Inc., was a " duly organized and recognized corporation or association formed for the purpose of registering pure-bred domestic animals." (Farms & Markets Law, § 96.) In so doing, acting in an administrative capacity, he was not entirely bound by jury-trial rules of evidence. (1 Wigm. Ev. [2d ed.] 36, § 4-c.) To ascertain whether or not the status of such an organization is " recognized " to be one thing or another seems to require a resort to what we ordinarily deem " hearsay " evidence. The Commissioner could hardly find proof as to such recognition, more persuasive than authentic reports from reputable sources. In addition to statements in the petition itself, he had such reports

23

for his guidance, from State Secretaries of Agriculture, State Veterinarians and Livestock Sanitary Boards, some half dozen in number. We do not find that his conclusion was based upon insufficient evidence, even though he utilized much that would usually not be acceptable in jury trials in a court of law. The so-called " residuum rule " laid down in construing section 68 of the Workmen's Compensation Law in *Matter of Carroll* v. *Knickerbocker Ice Co.* (218 N. Y. 435) must be taken to apply to the situation there presented. It does not control in the instant case.

Upon reviewing the petition, the return and the certificate issued, we find that the Commissioner's determination should be confirmed. But we do not assume to decide generally that the Holstein-Friesian Registry Association, Inc., is not a " duly organized and recognized corporation or association formed for the purpose of registering pure-bred domestic animals." Our approval of the finding as to the status of that association is confined to this proceeding and rests upon the proof before us. Upon another record, presenting different evidence, a contrary holding in this respect may be reached.

The order denying the application for a mandamus order should be affirmed, and the determination of the Commissioner of Farms and Markets confirmed, with ten dollars costs and disbursements to respondent.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Order affirmed and determination of Commissioner confirmed, with ten dollars costs and disbursements to respondent.