In the Matter of the Application of THOMAS ALEXANDER for an Award of Indemnity for the Pure Bred Holstein-Friesian Bull, McKinley Lyons Piebe No. 28, and for an Order of Mandamus Directed to BERNE A. PYRKE, Commissioner of Farms and Markets of the State of New York.

Supreme Court, Livingston County, February 23, 1927.

**Agriculture — tubercular cattle — mandamus to compel Commissioner of Farms and Markets to make immediate award for bull slaughtered under Farms and Markets Law — application denied.**

Petitioner, whose tubercular bull was slaughtered under the provisions of the Farms and Markets Law, is not entitled to a peremptory mandamus order

directing the Commissioner of Farms and Markets to make an immediate award and pay him the appraised value of the bull, as a pure bred registered Holstein-Friesian animal, in the absence of evidence that the Commissioner has refused to pass upon petitioner's claim, or that he was dilatory in determining the claim, merely because he insisted upon some evidence in addition to petitioner's certificate showing that the condemned animal was pure bred. Neither will an alternative order issue where there is no question of fact to be determined. Nor can the court, in a mandamus proceeding, assume the obligation of the Commissioner to decide, nor review his decision when made.

MOTION brought on by an order directing the above-named Commissioner of Farms and Markets to show cause why the relief asked for by the petitioner should not be granted.

*Greenleaf S. Van Gorder*, for the petitioner.

*Albert Ottinger, Attorney-General [Henry S. Manley* of counsel], for the Commissioner of Farms and Markets.

STEPHENS, J.   A bull belonging to the petitioner was slaughtered under the provisions of the Farms and Markets Law, having been found to be tubercular.

The relief that the petitioner seeks is a peremptory mandamus order directing the Commissioner of Farms and Markets to make an immediate award and pay to him the appraised value of said bull named McKinley Lyons Piebe No. 28 as a pure and registered Holstein-Friesian animal, or for an alternative mandamus order if that should appear to be more appropriate.

On November 25, 1926, upon a form provided by the New York State Department of Farms and Markets, the petitioner requested that a tuberculin test be made of his herd of cattle of which said bull was one.   In a certificate dated that day the veterinarian designated to make the test stated that, in his judgment, the said bull was infected with tuberculosis.   On November 30, 1926, the said animal, with others, was ordered slaughtered, pursuant to the statute, and an appraisal was directed to be made.   Under date of December seventh the appraiser assigned to that duty made a certificate of appraisal placing two valuations upon the bull: $75 and $110, those values being for " grade " and " pure bred " respectively.   In a letter written by the Assistant Commissioner of Farms and Markets to the petitioner, under date of December tenth, it is stated that the appraiser had filed the certificate of appraisal together with a registration certificate issued by the Holstein-Friesian Registry Association, Inc., of Harrisburg, Penn., and that the certificate would not be accepted as proof that the bull in question was a pure bred animal and that " when indemnity is computed upon this animal, it will be computed on a grade basis."

On December twenty-first the said Commissioner directed by letter one of three veterinarians to whom the letter was directed to be present when the animals were slaughtered and to make a post-mortem examination of their carcasses. This letter contains the statement that the Department of Farms and Markets had been informed that the cattle had been shipped on the previous day to a firm in Buffalo.

The petition herein was verified December 24, 1926, and the order to show cause was dated on the same day.

This proceeding was thus precipitately instituted to compel the Commissioner of Farms and Markets to award to the petitioner the sum of $110, the appraised value of a pure bred animal.

The proper office of a mandamus proceeding is, as has been so frequently declared, to enforce a clear legal obligation or to compel the performance of an unquestionable legal duty. The writ of mandamus, for which the name mandamus order has been substituted without in any appreciable fashion having changed its function, was issued to compel the performance of a ministerial act in a defined manner or to compel action by a dilatory or unwilling agency vested with judicial powers. It was never properly issued, however, to compel such an agency to act in a specific manner. It could direct it to decide but was powerless to dictate what its decision should be.

While the citation of authorities will add nothing to the sum of human knowledge, I make the futile venture. (*People ex rel. Francis* v. *Common Council*, 78 N. Y. 33; *People ex rel. Wooster* v. *Maher*, 141 id. 330; *People ex rel. Harris* v. *Commissioners*, 149 id. 26; *People ex rel. McCabe* v. *Matthies*, 179 id. 242.)

There can be no pretense that the Commissioner has refused to pass upon the petitioner's claim or, in view of the facts above stated, that he has been dilatory in deciding it.

The Commissioner, before making an award upon the presumption that the condemned animal was pure bred, must have some evidence of the animal's parentage. The Farms and Markets Law, section 96, provides that a certificate of registry issued by and under the seal of a duly organized and recognized corporation formed for the purpose of registering pure bred domestic animals may be received in evidence and shall be presumptive evidence of the facts and circumstances stated therein. The petition alleges that a certificate bearing the seal of the Holstein-Friesian Registry Association was furnished to the Department of Farms and Markets. The Commissioner denies that the certificate bore the corporate seal. However this may be, it is not especially significant for the corporate seal could give but little probative value to the certificate of a corporation that was not

either duly organized or recognized. The intention too, of classifying the bull as a grade was not placed upon the ground of the absent seal. At any rate, it is probably permissible to submit a sealed certificate at any time before final determination.

So far as appears, the Commissioner was not in possession of sufficient data at the time the proceedings were instituted, nor at the time the motion was argued, upon which to determine how much the State should pay to the petitioner either upon the grade or pure bred basis, for the amount of the salvage was not known. This circumstance is, however, negligible for the essential nature of the application would be in no way affected if the salvage were indeed known.

The letter of December tenth, written by the Assistant Commissioner, seems to have furnished the inspiration for this proceeding. If it were a final determination of the claim, mandamus is not proper, of course; that alternative is excluded. If it were a decision only that the evidence submitted was inadequate to establish the better lineage of the bull, the error, if it were an error, can no more be corrected in a proceeding of this character than if it entered into and formed a part of the final determination. While the application is not so phrased, it is, in fact, an application to compel the petitioner to accept the certificate of registration as evidence of the animal's pedigree. However viewed, the effort is to coerce a judicial decision.

If the statement in the said letter of December tenth is not to be taken as a decision but as an intimation what the ultimate result is likely to be, the same conclusion must be reached although a governmental agency is involved. The situation is not so exceptional and extraordinary as to bring it within the doctrine of *People ex rel. Hotchkiss* v. *Smith* (206 N. Y. 231).

There seems to be no question of fact to be determined that would justify granting an alternative order. All that can be claimed in this respect is whether the association with which the bull was registered is a " duly organized and recognized corporation or association formed for the purpose of registering pure-bred domestic animals " and entitled to be received as presumptive evidence that the bull was pure bred.

" One obligation resting upon the Commissioner was to decide whether or not the Holstein-Friesian Registry Association, Inc., was a ' duly organized and recognized corporation or association formed for the purpose of registering pure-bred domestic animals.' (Farms and Markets Law, § 96.) " (*Matter of Beckley* v. *Pyrke,* 218 App. Div. 352.)

This court cannot assume the obligation of the Commissioner

to decide, nor review his decision when made, in a mandamus proceeding.

The preliminary motions to strike out parts of the answering affidavits are denied.

The application in all respects is denied, with ten dollars costs to the defendant to abide the event.