In the Matter of the Application of JOHN RUCINSKI, Respondent, for Peremptory or Alternative Mandamus Orders against THE CITY OF SCHENECTADY, NEW YORK; RAYMOND R. TERPENING, City Electrical Inspector and Member of the Electrical License Board of Examiners; GEORGE F. SAUTER and Others, as Members of the Electrical License Board of Examiners; and LEROY C. PURDY, as City Manager and Successor to the Powers and Duties of the Former Office of Commissioner of Public Safety, Appellants.

Third Department, January 14, 1937.

*Charles M. Hughes* [*Raymond F. Loucks* of counsel], for the petitioner, respondent.

*Harold E. Blodgett* [*Howard Murrin* of counsel], for the appellants.

*Thomas W. Wallace, Corporation Counsel* for the appellants City of Schenectady and LeRoy C. Purdy.

HILL, P. J.   The city of Schenectady, its manager, electrical inspector and the members of the electrical license board of examiners have appealed from an alternative order of mandamus which directs these officials to issue to petitioner, respondent, and make effective a license whereunder he may do business in the city as a " master electrician," or in the alternative to show cause why the order should not be obeyed and to make a return as prescribed by the Civil Practice Act (§§ 1322 *et seq.*).   The appellants argue that the issuance of a license involves the exercise of judicial discretion reviewable only under a certiorari order and that this order should be reversed and the petition dismissed.

The ordinance defines " master electrician " to be " *any person engaged in* or *holding himself out to the public as engaged in the business* of contracting to install or alter electrical equipment or apparatus for utilization of electricity supply [*sic*] for light, heat, or power," and provides that " Any master electrician who shall produce good and sufficient proof to the Board of Examiners that he is a master electrician and has been engaged as such within the corporate limits of the City of Schenectady for ten years or more, last past, shall not be required, before having a license issued to him to take or submit to any examination as herein provided, but such license shall be issued to him upon payment of the required fee therefor." Petitioner states that when he applied for a license he produced before the board of examiners good and sufficient proof of the facts

necessary to entitle him thereto, and paid the required fee. That although the board is required to grant or deny such an application within one month (Ordinance, § 3) several months have passed and no determination has been made.

Upon the application for this order, notice was given to the appellants (Civ. Prac. Act, § 1315), who appeared and filed affidavits in opposition, wherein it is stated that the ordinance is a recent enactment; that under an earlier one a license as a master electrician would not be issued until the applicant had been examined as to his knowledge and qualifications as an electrician and that petitioner had failed to pass such an examination, and upon his application made after the amendment the board again examined him (Affidavit of Liggett, chairman of the board) to determine " whether or not he was in fact engaged as a master electrician as defined by the ordinance heretofore referred to and as generally understood in the trade, * * * and that said examination revealed that said petitioner had not ten years of experience as a master electrician and was not qualified to be licensed *without written examination as to his qualifications therefor*. That said licensing board acted in good faith, and in reaching its determination concluded in good faith that the petitioner had not made the test as a matter of fact that he had been engaged as a master electrician for ten years last past, which determination was reached unofficially by the Board and, upon information and belief, the petitioner and his attorney were unofficially advised of its determination."

Little if any argument is required to convince that petitioner is entitled to have an official, as distinguished from an " unofficial," determination by the board and to receive official notice as to the determination, as distinguished from being " unofficially advised." It was for the board to determine whether, for the ten years immediately preceding the hearing, petitioner had engaged in Schenectady or had held himself out to the public as engaging in the business of contracting to install or alter electrical equipment. If this was a fact, upon the payment of the fee, he was entitled to a license. That the board and its members might believe that he lacked sufficient technical knowledge to qualify him to conduct this business was beside the mark. Additional conditions or requirements beyond those fixed by the common council could not be prescribed. (*Matter of Picone* v. *Commissioner of Licenses*, 241 N. Y. 157; *People ex rel. Empire C. T. Club* v. *State Racing Comm.*, 190 id. 31.)

The appellants argue that a determination has been made which may be reviewed under a certiorari order, but that petitioner has mistaken his remedy and that a review may not be had under an alternative mandamus order. Mandamus has been held to be the

proper remedy to determine whether an official legally applied a zoning ordinance (*Matter of Monument Garage Corp.* v. *Levy,* 266 N. Y. 339; *Matter of Smith* v. *Levy,* 264 id. 575); to review the discretion which was exercised by the city clerk of New York in determining whether an illuminated sign would be liable to deceive the public (*Matter of Dr. Bloom, Dentist, Inc.,* v. *Cruise,* 259 N. Y. 358); to determine whether the provisions of the Sanitary Code in connection with the sale of milk had been reasonably applied (*People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187); to determine whether a board of supervisors had observed constitutional and statutory requirements in dividing a county into Assembly districts, if not to direct a proper division (*Matter of Baird* v. *Supervisors,* 138 N. Y. 95). The courts having determined that the enumerated acts are executive or ministerial and reviewable under mandamus, a like determination in this case will not be out of harmony. It is impossible to reconcile all of the decisions in this field of procedure, for in *People. ex rel. Sims* v. *Collier* (175 N. Y. 196), decided in 1903, it was held that mandamus was not the proper remedy to review the action of the State Civil Service Commission in placing a position in the competitive class, while in *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92), decided in 1906, it was determined that mandamus was the proper remedy to review the action of the Buffalo city commission and the State Civil Service Commission in placing a position in the competitive class. Should it be determined during the trial herein, or even on appeal, that a mistake had been made and that certiorari was the proper remedy, the proceeding may be rechristened and given its correct name. (Civ. Prac. Act, § 111; *Matter of O'Brien* v. *New York State Teachers' Retirement Board,* 215 App. Div. 220; affd., 244 N. Y. 530; *Matter of Beckley* v. *Pyrke,* 218 App. Div. 352; affd., 245 N. Y. 541.)

The order should be affirmed, with costs. (Civ. Prac. Act, §§ 1337, 1492.)

RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur

Order, as modified by stipulation of the parties, affirmed, with costs.