In the Matter of the Application of the ANDES COOPERATIVE DAIRY COMPANY, Petitioner, for an Order of Certiorari against CHARLES H. BALDWIN, Commissioner of Agriculture and Markets for the State of New York, Respondent.

In the Matter of the Application of ADDISON B. LIDDLE, in Behalf of Himself and All Others Similarly Situated and as a Stockholder and Director of the ANDES COOPERATIVE DAIRY COMPANY, Petitioner, for an Order of Certiorari against CHARLES H. BALDWIN, Commissioner of Agriculture and Markets for the State of New York, Respondent.

Third Department, June 30, 1933.

*Arthur F. Curtis* [*Ransom H. Gillett* of counsel], for the petitioners.

*Henry S. Manley* [*Robert G. Blabey* of counsel], for the respondent.

BLISS, J. The Fort Schuyler Farms, Inc., was engaged in operating milk gathering stations at Andes, Quaker Bridge, Indian Castle, Herkimer and Peekskill, all within the State of New York. It had furnished to the State its bond in the sum of $10,000 conditioned for the prompt payment of all amounts due to producers for milk or cream sold by them to it. Upon its failure to pay the producers promptly, the Commissioner of Agriculture and Markets collected from the surety on this bond $10,133.59. The Commissioner also now holds bonds of the par value of $15,000 of the Meadow Sweet Farms, Inc., deposited with him on June 28, 1932, by Fort Schuyler Farms, Inc., to be devoted to the same use and purposes as the sum of $10,133.59.

On December 21, 1931, the Andes Cooperative Dairy Company leased its creamery property at Andes, N. Y., to the Fort Schuyler Farms, Inc., and there is now due to it from such tenant for rent the sum of $3,271.05. On June 13, 1932, the Fort Schuyler Farms, Inc., the Andes Cooperative Dairy Company and three certain individuals residing at Andes, N. Y., entered into an agreement whereby the Fort Schuyler Farms, Inc., delivered to said individuals as trustees $15,000 par value of bonds of the Meadow Sweet Farms, Inc., to be held by these trustees on condition that if the Fort Schuyler Farms, Inc., should default for thirty days in the payment of its rent or for three days in making payments to the producers delivering milk to the Andes plant, then the trustees should sell these bonds and the proceeds of such sale should first be applied by them toward the payment for milk delivered by producers at

Andes, and the balance in payment of the rental then due the Andes Cooperative Dairy Company, and the surplus, if any, less expenses, was to be rendered to the Fort Schuyler Farms, Inc. The Fort Schuyler Farms, Inc., on June 28, 1932, assigned to the Commissioner of Agriculture and Markets its equity in these bonds for the same purposes as the other block of $15,000 actually deposited with him on that day. On August 24, 1932, the Fort Schuyler Farms, Inc., was adjudged a bankrupt.

After the bankruptcy of the Fort Schuyler Farms, Inc., the Commissioner proceeded to determine the claims of producers filed with him, and found that the total amount of claims was $43,854.52. Of this amount $16,623.56 were claims of producers at Andes who were entitled to participate in the distribution of the proceeds of the sale of the $15,000 of Meadow Sweet Farms, Inc. On January 31, 1933, he determined after a hearing that, as it was impossible at that time to determine whether and to what extent the $15,000 of Meadow Sweet Farms, Inc., bonds deposited at Andes, operated or would operate as a payment of those claims totaling $16,623.56, he would at the time of the determination, namely, January 31, 1933, make a present distribution of the $10,133.59 fund as follows: To the Andes producers three and four-tenths per cent of the amount of their claims, and to the remaining producers twenty-three per cent of their claims. He further determined that the sum of $3,271.22, being that portion of the total sum of $10,133.59 which the Andes producers would be entitled to receive should their $15,000 of Meadow Sweet Farms, Inc., bonds prove valueless, be retained in his custody until it was possible to determine whether and to what extent said $15,000 of Meadow Sweet Farms, Inc., bonds should operate as a payment on the claims of the Andes producers; that should the Meadow Sweet Farms, Inc., bonds be liquidated at par this $3,271.22 should be distributed *pro rata* among all producer claimants, and should the Meadow Sweet Farms, Inc., bonds prove worthless, this $3,271.22 should be distributed *pro rata* amongst the Andes producer claimants only, with a corresponding provision for a *pro rata* distribution should these Meadow Sweet Farms, Inc., bonds be liquidated at something less than their par value.

The Andes Cooperative Dairy Company and one individual Andes producer claimant seek to review by certiorari this determination of the Commissioner of Agriculture and Markets.

Succinctly stated, the question here is whether the Andes producers may share with the other producers according to the full amount unpaid on their claims, or must first deduct from their claims the value of the $15,000 bonds, or any proceeds thereof,

held by the trustees as security. The Commissioner's determinations of questions of fact, unless made final by statute, are quasi-judicial rather than purely administrative or ministerial. These questions of fact should be decided judicially and not arbitrarily. Property rights are presented to him for determination and his errors at law present no element of finality. (*People ex rel. Dawley* v. *Wilson*, 232 N. Y. 12.) No statute has been called to the attention of the court nor is the court able to find any which makes the Commissioner's determination final. The usual judicial tests upon a review by certiorari may, therefore, be applied.

A secured creditor has the right to prove and receive a dividend upon the full amount of the debt without being compelled to deduct from the amount of the proved debts the value of collateral securities, or of any proceeds thereof. (*People* v. *Remington & Sons*, 121 N. Y. 328.) A creditor may not be required to surrender any part of his collateral till payment has been made in full. (*McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92.) In the light of these decisions, the Commissioner could not compel the Andes producers to first realize upon their security before sharing in a distribution of the funds in his hands, and the present distribution must be made to all producer claimants *pro rata*. It being impossible from the record before us to properly modify the determination, the matter is hereby remitted to the Commissioner of Agriculture and Markets for the purpose of proceeding in accordance with this opinion.

HILL, P. J., RHODES and HEFFERNAN, JJ., concur; CRAPSER, J., dissents, with opinion.

CRAPSER, J. (dissenting). On September 1, 1931, the Fort Schuyler Farms, Inc., a domestic corporation, secured a license from the Commissioner of Agriculture and Markets, pursuant to the Agriculture and Markets Law, to operate several milk-collecting stations in this State. It posted the bond required under the law and began operating milk stations at Quaker Bridge, Cattaraugus county; Indian Castle, Oneida county; Herkimer, Herkimer county; Peekskill, Westchester county, and Andes, Delaware county.

Thereafter it rented the plant or station owned by the Andes Cooperative Dairy Company at Andes, N. Y., and there received the milk produced in the neighborhood from the producers who were mostly members of and stockholders in the Andes Dairy Company.

In March, 1932, the Commissioner requested an additional bond of $10,000, and that not being done, on June 9, 1932, he served the Fort Schuyler Farms, Inc., with a notice to show cause why its license should not be revoked.

On June 13, 1932, the producers at Andes procured the Fort Schuyler Farms, Inc., to deposit with certain trustees, selected by the Andes group, $15,000 of Meadow Sweet Farms, Inc., bonds as security for the payment of milk theretofore delivered at the Andes plant and for the current and past due rent of the Andes plant.

On June 28, 1932, the Commissioner of Agriculture and Markets received from the Schuyler Farms, Inc., $15,000, par value, of the Meadow Sweet Farms, Inc., bonds which he declared constituted in his hands a fund to be devoted, should occasion arise, to the same purposes as an additional surety bond. The Commissioner also required an assignment of the equity in the bonds held by the Andes trustees.

On August 24, 1932, the Fort Schuyler Farms, Inc., was adjudged bankrupt by the United States District Court for the Northern District of New York. No dividend or distribution of the bankrupt's assets has been made. The bankrupt owed 320 individual milk producers a total of $43,854.42 when it failed. One hundred and seven of these were the Andes group, and their claims aggregated $16,623.56. The bankrupt also owed the Andes Cooperative Dairy Company $3,539.86 rent.

The other creditors were producers at Herkimer, Indian Castle, Quaker Bridge and Peekskill.

On January 12, 1933, the Commissioner collected $10,133.59 from the surety company on their bond. The $15,000 of the Meadow Sweet Farms, Inc., bonds deposited he still holds and their market value has not been definitely ascertained. They have not been liquidated.

On January 12, 1933, the Commissioner addressed a letter to all producer creditors of the Fort Schuyler Farms, Inc., wherein he proposed to pay the Andes producers three and four-tenths per cent of their claims pending liquidation of the Meadow Sweet bonds and the other producers groups twenty three per cent of their claims.

Protests were filed, which the Commissioner overruled by his determination, and the certiorari orders were applied for which are under review here.

The question here is whether the Commissioner had any right under the circumstances presented and under section 253 of the Agriculture and Markets Law to take any notice of these bonds in question with his determination.

It is argued on the behalf of the applicants that the Commissioner had no right to take any notice of those bonds and thence that he had no discretion to exercise in regard to the situation presented by them.

The Andes creditors had a lien upon the funds in the hands of the Commissioner which lien was the same lien that all the milk producers of the Fort Schuyler Farms, Inc., had. In addition the Andes group also held as security for their claims $15,000, par value, Meadow Sweet Farms, Inc., bonds as a special security which was available to the Andes group only and was not available to the other milk producers of the Fort Schuyler Farms, Inc.

It has always been the law of this State that where a creditor has a lien upon two funds for the security of his debt, and another party has an interest in only one of these funds, without any right to resort to the other, equity will compel the creditor to take his satisfaction out of the fund upon which he alone has an interest, so that both parties may, if possible, escape without injury. (*Ingalls* v. *Morgan*, 10 N. Y. 178; *People* v. *Remington & Sons*, 121 id. 333; Stearns Suretyship [3d ed.] 182, 183; *Dwelle-Kaiser Co.* v. *Moon*, 140 Misc. 475, at p. 481.)

The determination made by the Commissioner is the one most consistent with equitable practice and produces the best practical results.

The determination of the Commissioner should be affirmed, with a single bill of costs.

Determination annulled, and matter remitted for the purpose of proceeding in accordance with the opinion, with fifty dollars costs and disbursements.