In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business and Affairs of the CONSOLIDATED INDEMNITY AND INSURANCE COMPANY, Respondent, and GERTRUDE E. CORON, Individually and as General Guardian of VILMA, GLORIA, GERTRUDE and ELMER CORON, Infants, Claimant, Appellant.

Liquidator's Claim Number CO 342.

First Department, December 16, 1938.

*Abraham Franzblau*, for the appellant.

*Albert L. Sussman* of counsel [*Alfred C. Bennett*, attorney], for the respondent.

DORE, J. In 1929 the claimant's husband was killed in the course of his employment and an award in bi-weekly installments was made under the Workmen's Compensation Law to his widow, the claimant herein, and her four infant children, which was paid by the insurance carrier until its liquidation in May, 1934. On April 8, 1935, the Industrial Commissioner commuted the bi-weekly award into a lump sum award of $16,298.12.

After the date of the insurer's liquidation, claimant began litigation against the employer in September, 1934, and the employer ultimately settled the claim in November, 1936, for $8,550. After a hearing, the Industrial Commissioner on November 18, 1936, approved the settlement, expressly reserving, however, to the widow and her infant children " all the rights to recover the difference between the said compromise award and the award made on April 8, 1935, against the insurance carrier in liquidation " and also reserving " to the employer all rights in prosecution of the employer's claim against the insurance carrier in liquidation." Thereafter the $8,550 was paid by the employer to the claimant.

Claimant duly filed her claim with the liquidator in November, 1934, but no action was taken either to allow or disallow the claim until in June, 1937, claimant filed objections to the liquidator's report which showed her claim as a " suspended " claim. The objections were withdrawn on a written stipulation that the claim would be set down for a hearing before a referee. No further action was taken until July, 1938, when the claimant received notice that the liquidator was about to pay a fourteen per cent dividend computed upon the difference between claimant's original award and her recovery from the employer. For the purpose of securing an adjudication claimant moved at Special Term for an order directing the liquidator of the insurer, the Consolidated Indemnity and Insurance Company in liquidation, to allow in such proceedings the full amount of her previously approved lump sum settlement in the sum of $16,298.12 and pay dividends on that amount until the dividends with the $8,550 previously paid by the employer should aggregate that lump sum allowance. The liquidator made a cross-motion to allow the claim only for the difference between $16,298.12 and $8,550 and to pay dividends computed on such difference. The Special Term denied the claimant's motion and granted the cross-motion, and claimant appeals.

The learned Special Term in an opinion stated that the decision of the Industrial Board reserved to the employer his claim against the carrier in liquidation as well as the widow's claim and that if claimant's contention is correct the liquidator would be compelled to pay dividends twice on the amount of the settlement — once to the employer and again to the claimant; that claimant's contention would result in a preference to her unfair to other creditors holding similar claims; and accordingly that claimant was entitled to dividends only on $7,748.12 instead of $16,298.12.

At the outset it should be noted that in this record there is nothing to show what has actually been done regarding allowance of the employer's claim in the liquidation proceeding. It does not appear whether it has in fact been allowed for $8,550 or on what conditions and limitations it has been allowed.

Moreover the reasoning of the Special Term does not take cognizance of the fact that this claimant as a compensation claimant is a preferred creditor of the insurance company in liquidation under section 34 of the Workmen's Compensation Law whereas the employer who made the settlement is, in his own right, only a general creditor in such liquidation proceedings. Therefore, if the widow's claim should be allowed in full, the liquidator would not be compelled to pay dividends twice on the total allowance but to pay dividends to the widow only until such dividends with the employer's settlement of $8,550 aggregate $16,298.12 and thereupon the widow would have no further right to participate in the assets. Thereafter the liquidator would retain any excess dividends if further dividends were paid and pay them to the employer either as a *then* preferred creditor by reason of equitable subrogation *pro tanto* to the extent of the $8,550 paid the compensation claimant, or as a general creditor. It should be noted that the employer could not become a preferred creditor by equitable subrogation until the compensation claimant had been paid in full. (*McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92, 94, 95; *Madison Square Bank* v. *Pierce,* 137 id. 444.) This disposes of the liquidator's argument that he would be compelled to pay dividends on $24,848.12 of claims whereas the carrier's total liability was only $16,298.12. In no event would the liquidator have to pay dividends simultaneously to the widow and the employer and in no event would dividends ever be paid on $24,848.12 since the claimant would only get dividends until she collected the difference and the employer would not receive dividends until the claimant had been paid in full. If claimant as a preferred creditor is not paid in full, then the employer's claim would never be reached for the purpose of computing dividends. Assuming payment of all creditors in full, in no event would the carrier be compelled to

pay more than $16,298.12 on both claims — $7,748.12 to this claimant and the balance of $8,550 to the employer.

Instead of seeking a preference this claimant is asking only equality with other creditors in the same class. While her claim was "suspended," dividends aggregating thirty-four per cent have been paid, or declared to be payable, to other compensation claimants. Nevertheless future dividends payable will be computed for such other claimants on the total of their claims as originally allowed, not on such total less the thirty-four per cent received.

There is no rule of law that requires a creditor to share any part of his recovery made from another source *after the debtor's insolvency* with the insolvent who is liable for the debt or with other creditors before he has from all sources been paid in full. The holder of a claim upon which several are liable may prove his claim against the estate of one who has become bankrupt and may at the same time pursue the other at law, and notwithstanding partial payments by the other obligor *after the bankruptcy* may recover dividends from the bankrupt's estate upon the full amount of the claim as fixed at the time the petition was filed, until from all sources he has received full payment of his claim. (*Board of County Commissioners* v. *Hurley*, 169 F. 92, 97 [U. S. C. C. of A., 8th Circ.].) In that case a bank as principal and an individual as surety gave a bond to a county on November 21, 1902, conditioned that the bank repay on demand moneys of the county deposited therein. On July 3, 1905, the bank was insolvent and a receiver appointed. On July 6, 1905, a petition in bankruptcy against the individual surety was filed upon which he was adjudged a bankrupt. At the time such petition in bankruptcy was filed, the bank was indebted to the county for deposits of $32,731.05. The county demanded payment but the bank failed to pay. The county then proved its claim for that amount against the estate of the surety in bankruptcy and on October 19, 1905, the claim was tentatively allowed subject to reconsideration upon the filing of other objections. Between the date of filing the petition in bankruptcy, July 6, 1905, and March 24, 1908, the county received in dividends upon its claim out of property of the insolvent bank $26,839.46. The referee allowed the county's claim for the balance only, viz., $5,891.59; the District Court confirmed such allowance and the county appealed assigning as error that its claim should have been allowed in the total sum of $32,731.05 owing at the time the petition in bankruptcy was filed and that the referee should have ordered payment of dividends upon that amount.

The United States Circuit Court of Appeals for the Eighth Circuit reversed the District Court with directions to allow the

county's claim at \$32,731.05 and to pay dividends on that amount until from all sources the claim was paid in full, but no longer. The court held (1) that the status of the claim was fixed as of the date of the filing of the petition in bankruptcy and there was then vested in each creditor an equitable estate in such part of the bankrupt's property as the amount of his provable claim at that time bore to the entire amount of provable claims against the estate; and (2) that the county's equitable estate was not diminished or changed by payments the claimant subsequently received on its claim from other sources. Although in that case the payments secured from other sources equalled eighty-two per cent of the total as originally determined, the court held that to refuse dividends on the original total sum would be unduly to prefer other creditors of the surety's estate similarly situated and give them a greater portion of dividends simply because the claimant after the insolvency had collected sums from the estate of the principal debtor, and that no principle of law or equity would sustain such a result. Accordingly the county was allowed to recover dividends based on the full amount of its claim until from all sources it recovered such full amount.

While the case cited is not an authority controlling on this court I consider the principles of law and the reasoning applicable. The case has been frequently cited and followed. (See *Commercial & Savings Bank* v. *Jenks Lumber Co.*, 194 F. 739, 741; *Matter of Mullings Clothing Co.*, 230 id. 681, 688; *Matter of New York Commercial Co.*, 233 id. 906, 909; *Ireton* v. *Lincoln National Bank*, 300 id. 316, 317, 318; *Frasse & Co.* v. *Hartford Automotive Parts Co.*, Id. 876, 879.)

In the case before us, the employer, as between himself and the widow, was the principal debtor primarily liable for the damages caused by her husband's death. The insurer was in the position of surety for such liability. When the surety went into liquidation, the total lump sum award made in this claimant's favor against the surety's estate was \$16,298.12. That fixed the carrier's obligation as of the date of the liquidation. On that sum the claimant is entitled to dividends until her full claim is paid, even though subsequent to the date of liquidation she received \$8,550 from the employer as principal debtor. The result should be the same whether she received the \$8,550 by way of dividends from the principal's estate if the principal had also gone into bankruptcy, or by way of a settlement after the carrier's insolvency if the principal remained solvent. So, far from claiming a preference over other creditors similarly situated, the claimant here, as in the *Hurley* case, is asking only equality. If the proposed dividend

of fourteen per cent is paid on her total claim as originally allowed, she will receive $2,281.74; if paid only on the balance, she will receive $1,197; the difference will be received by the other compensation creditors similarly situated, who will take out of the estate of the insurer $1,084.74 which the widow would otherwise receive. Neither in law nor in equity have such other creditors any right to derive benefits for themselves from payments made by the principal debtor, until the entire claim, which the insurance company had insured, is paid in full. The subsequent payments by the principal debtor should not affect the equitable estate which the claimant holds until her claim has been paid in full.

Allowance of a claim in a liquidation proceeding is not the equivalent of payment. The Industrial Commissioner in this case reserved to the widow not the right *to file a claim for* the difference but all rights " to *recover* the difference." (Italics mine.)

The rule that has been approved by the Special Term would require a reconsideration and reallowance of creditor's claims upon which any third party is liable every time the third party made a payment, or at least before each dividend after any such payment, and would result in confusion, inequity and delay.

The liquidator relies on section 54, subdivision 1, of the Workmen's Compensation Law as limiting the allowance in the liquidation proceeding to the difference. As far as relevant that section provides: " payment in whole or in part of such compensation by either the employer or the insurance carrier shall to the extent thereof be a bar to the recovery against the other of the amount so paid." That statute has no application. This claimant is not seeking to recover from the insurer the amount of $8,550 she has received from the employer; she is only seeking dividends on her original claim until she gets the *difference* between $8,550 and the claim as originally allowed; she is accordingly not seeking to recover anything she has heretofore recovered from her employer but only the balance concededly unpaid. Further, the statute has no application to a recovery made after the date when the carrier goes into liquidation for the purpose of determining the amount of the claim on which dividends shall be paid. It is elementary that the status of the claim on the date of liquidation fixes the rights of the owners of the claim to share in the distribution of the estate and not the status as of some subsequent time. Otherwise there would be no possibility of order, fairness or equality in the determination of vested claims against estates in liquidation. Under subdivision 2 of section 404 of the Insurance Law, the rights of such creditors are fixed as of the date of the liquidation order and section 54 should not be construed as taking away such rights.

The sole limited issue in this appeal is: On what amount shall dividends be computed. It would be as unfair and unjust to this claimant to insist that her original duly allowed award in the sum of $16,298.12, fixed as a judgment as of the date of liquidation, should be reduced after that date for the purpose of computing her dividends by the amount she recovered from a third party, as it would be to insist that the other claimants should reduce their claims by the amount of dividends they have subsequently received from the carrier's estate. When we realize that the liquidator will not have to pay dividends concurrently to this claimant and to the employer on a total sum of approximately $25,000, but only, first, to this claimant for approximately $7,500 and then to the employer for the balance of $8,550, the two sums totalling only the amount of the original award, it is clear that no undue preference is asked and that the Special Term erred in denying the claimant's motion.

The claimant is entitled to have her claim allowed for its full original amount and to have dividends computed and paid on such amount until the dividends plus the recovery from the employer equal the total of her claim.

The order in so far as appealed from should be reversed, with twenty dollars costs and disbursements, claimant's motion granted, and the liquidator's motion denied.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, the claimant's motion granted, and the liquidator's motion denied. Settle order on notice.