**PRUDENTIAL INS. CO. OF AMERICA v. LAND ESTATES, Inc.**

**SAME v. PIETERS et al.**

**No. 183.**

Circuit Court of Appeals, Second Circuit.

March 18, 1940.

Clark & Reynolds, of New York City (Edward F. Clark, John A. Shorten, and Albert B. Gins, of New York City, of

618

counsel), for appellants Prudential Ins. Co. of America and Frank X. Pieters.

Greenbaum, Wolff & Ernst, of New York City (Lawrence S. Greenbaum, Phillip F. Seigenfeld, Benjamin Kaplan, and Louis Kerr, all of New York City, of counsel), for appellees Milton M. Goldman, as receiver of Liberdar Holding Corp. and Land Estates, Inc.

William A. Shea, of New York City (Samuel Boksenbom and John B. Warner, both of New York City, of counsel), for appellee Superintendent of Insurance, as liquidator of New York Title & Mortgage Co.

Kramer & Kleinfeld, of New York City (Barnet Kaprow and David L. Weissman, both of New York City, of counsel), for Trustees of Series B-K.

Wagner, Quillinan & Rikfind, of New York City (Edward A. Tennant, Jr., of New York City, of counsel), for Trustees of Series F-1, and Series C.

Thomas Keogh, of New York City (Joseph L. Maged, of New York City, of counsel), for Trustees of Series Q.

Sherman S. Rogers, of New York City (Abraham J. Halprin, of New York City, of counsel), for Trustees of Series C-2.

Davidson & Mann, of New York City (Abraham J. Halprin, of New York City, of counsel), for Trustees of Series Q-1 and Series NS-1.

Abraham J. Halprin, of New York City, for Trustee of Series C-3.

Hetkin, Rubin & Hetkin, of New York City (Alfred H. Hetkin, of New York City, of counsel), for Trustees of Series B-1.

Meyer Boskey, of New York City, for Trustees of Series CW-1.

Charles L. Meckenberg, of New York City (Milton M. Meyer, of New York City, of counsel), for Trustee of Series D.

Albert W. Fribourg, of New York City (Louis M. Fribourg, of New York City, of counsel), for Trustee of Series N-76.

Olin Potter Geer, of New York City, for Trustee of Series A-2.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (James S. McNally, of New York City, of counsel), for Trustees of Series JL-1.

Jerome L. Greene, of New York City, for Trustee of Series S-1.

Cadwalader, Wickersham & Taft, of New York City (Charles N. Lowrie, Jr., of New York City, of counsel), for Trustee of Series C-1.

Sullivan, Donovan & Heenehan, of New York City (Lindley J. Murray, of New York City, of counsel), for Trustees of Series FW-1.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This appeal requires a decision as to whether or not secured creditors in an equity receivership in the District Court for the Southern District of New York may prove the face amount of their claims and be limited as to dividends to an amount not to exceed that less whatever may be realized upon their security in accordance with the so-called equity rule; or may prove only as in bankruptcy for the difference between the face of their claims and the value of the security held. The equity rule was applied below and unsecured creditors have appealed. Two cases are before us but as the issues in each are the same no distinction will be made between them except in the following statement of the facts.

The Prudential Insurance Company of America, a New Jersey corporation, filed a creditor's bill in the District Court against Land Estates, Incorporated, a New York corporation, and another like suit against Liberdar, also a New York corporation, on August 18, 1933. Jurisdiction was based on diversity of citizenship. A receiver was appointed in each action and orders made governing the filing of claims. Both the defendants were wholly owned subsidiaries of the New York Title and Mortgage Company which had been in the guaranteed mortgage business; had fallen into financial difficulties; and on July 15, 1935 proceedings for its liquidation under the New York statute known as the Schackno Act, Unconsol.Laws, § 1796 et seq., were commenced. Both the defendants in the receivership suits were business corporations who had executed mortgages on real estate to secure their bonds in which many investors had secured an undivided interest through the purchase of certificates of participation. Payment of the bonds and mortgages were guaranteed by the Title Company but the defendant corporations themselves were not engaged in the insurance business.

The appellees are trustees of designated issues of certificates of participation in

such bonds and mortgages who filed claims in the receivership for the full amount due thereon. The special master recommended the allowance of such claims and, no exceptions having been filed, the report was confirmed and the claims allowed as of course on December 5, 1938 to the amount of over two million dollars in the Land Estates suit and of over three million dollars in that against the Liberdar Holding Corporation. On February 20, 1939, the plaintiff, who was an unsecured creditor of each defendant with its claim allowed against each, but had had no notice of the allowance of the claims of the mortgagees until about a month previously, moved to vacate the order. Another unsecured creditor of Land Estates, Frank X. Pieters, did likewise. The motions were denied and these appeals followed.

We shall make no point of the fact that the orders allowing the claims were not opposed. Of course the appellants were not entitled to notice of the master's report as to claims filed by others and in which they had no interest. The receiver did have notice and did not oppose confirmation but as no action has been taken which cannot readily be undone, if necessary, we give consideration to the appellant's position on the merits as was done below.

It was held in Nolte v. Hudson Nav. Co., 2 Cir., 31 F.2d 527, that, in a creditor's suit in the federal court where jurisdiction depended upon diversity of citizenship, claims are allowable according to the law of the forum and the assets distributable as that law requires. We adhere to that with all the more reason since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, and hold that the New York law controls the allowance of these claims.

Putting aside for the moment the effect of certain comparatively recent New York statutes, it is clear that the allowance of claims in a receivership like this is to be done in New York in the way it was done below in winding up an insolvent corporation by letting a creditor prove for the face of his claim as of the time of the appointment of the receiver without regard to the value of security held but with a limitation of dividends to an amount which will not, when added to what is realized from the security, exceed the amount of the debt. People v. E. Remington & Sons, 121 N.Y. 328, 24 N.E. 793,

8 L.R.A. 458; McGrath v. Carnegie Trust Co., 221 N.Y. 92, 116 N.E. 787. This is the same as the so-called federal rule established by Merrill v. National Bank of Jacksonville, 173 U.S. 131, 19 S.Ct. 360, 43 L.Ed. 640.

In dealing with the New York statutes upon which appellants rely, it may be said at once that as neither of these corporations in receivership was an insurance company there are here no creditors of a failed insurance company to prove their claims as § 425 of the Insurance Law, Consol.Laws, c. 28, requires nor are there any creditors of a voluntary assignor to be governed by § 15 of the Debtor and Creditor Law, Consol.Laws, c. 12. It may likewise be said that we are not here concerned with whether or not it would be fairer to all in general to apply the equity rule or the bankruptcy rule as to proof of claims in such proceedings as this. The argument that the New York legislature could not have meant to apply the so-called bankruptcy rule to those two named situations and not to creditors' bills has its appeal but it must fail here because of the position taken by the courts of New York in Andes Co-operative Dairy Co. v. Baldwin, 238 App.Div. 726, 266 N.Y.S. 18; affirmed 263 N.Y. 578, 189 N.E. 705; and In re Consolidated Indemnity & Ins. Co., 255 App.Div. 501, 8 N.Y.S.2d 217.

But the New York legislature has given some special relief to hard pressed mortgagors in what have become known as the mortgage moratorium statutes and the appellants argue that these statutes govern, especially §§ 1083-a and 1083-b of the New York Civil Practice Act limiting the amount of a deficiency judgment on foreclosure to the amount of the debt less the foreclosure sale price or the market value of the property, whichever would make the judgment less, and providing that a deficiency judgment must be sought or the proceeds of the sale will be treated as complete satisfaction of the debt; and that in any action during the emergency to recover on a debt secured only by mortgage, except in a foreclosure of the mortgage, any person bound to pay the debt may set off the fair market value of the mortgaged property after deducting any liens ahead of the mortgage. Here there were mortgagee claimants who brought suits to foreclose their mortgages by leave of the court below and in some such actions deficiency judgments were

sought. In others the order of leave to sue required further leave to be obtained before the entry of a deficiency judgment and in still other instances nothing was said about deficiency judgments in the orders granting leave to foreclose. These statutes were designed to meet the need of mortgagors for more leeway than the existing procedure in foreclosure actions allowed them. They do not expressly extend to a receivership into which an insolvent mortgagor's property has been brought for distribution to creditors and it has been held that § 1083-b, supra, does not apply here. Matter of New York Title & Mortgage Co., 251 App.Div. 415, 297 N.Y.S. 52.[1] Though the appellants insist that what was said was but dictum we think it clearly covers deficiency judgments and by analogy excludes the applicability of all of § 1083 with subdivision (a) as well as (b), to this sort of an equity receivership. Those provisions are procedural and designed to govern in proceedings to take the property mortgaged by foreclosure or otherwise under circumstances where the mortgagor requires protection. There is no reason why they should be extended by implication to equitable proceedings for the distribution of a debtor's property among all creditors.

Affirmed.

---

[1] The reversal of this case in 277 N.Y. 66, 13 N.E.2d 41, 115 A.L.R. 614 did not affect this point.