George D. Ogden, J.
On June 29, 1965, Robert F. Ryan, Ltd., made a general assignment for the benefit of creditors and at that time owed Grieco Bros., Inc. (hereinafter referred to as *566 “Grieco”), as a general creditor, $21,321.39. By a written instrument, dated October 9,1964, Harriet H. Ryan (hereinafter referred to as “ Mrs. Ryan ”) guaranteed, in substance, the payment to Grieco of any moneys then due and owing, or to become due and owing, to it from Robert F. Ryan, Ltd., and pledged as collateral security certain securities, with appropriate instruments for the sale of such securities if deemed necessary, etc.; said guarantee was limited to the value of said collateral security. After the assignment Grieco sold the collateral security and realized the net sum of $12,720.93 (apparently, gross sum of $13,280) from such sale; the indebtedness of the assignor to Grieco was reduced by said net amount.
Subsequently, Grieco filed a claim against the assigned estate in the amount of its total indebtedness' — -$21,321.39 — and Mrs. Ryan filed a claim, as a general creditor, in the amount of $13,280 (the gross amount realized from the sale of the collateral security which she had pledged).
The security pledged was not the property of the assignor and Grieco cannot be considered a secured creditor within the meaning of section 30 of the Debtor and Creditor Law. Grieco is entitled to have its indebtedness paid in full before a guarantor of its account can in any way make a claim that would diminish the estate available for payment to Grieco.
“A surety who has undertaken to pay the creditors of the principal, though not beyond a stated limit, may not share in the assets of the principal by reason of such payment until the debts thus partially protected have been satisfied in full.” (American Sur. Co. v. Electric Co., 296 U. S. 133, 137.)
“ A creditor may not be required to surrender any part of his collateral till payment has been made in full * * * But the equity of subrogation does not arise until the whole debt has been discharged ”. (McGrath v. Carnegie Trust Co., 221 N. Y. 92, 95; see, also, Matter of Consolidated Ind. & Ins. Co., 255 App. Div. 501.)
Grieco Bros., Inc., is entitled to file with the assignee, and have allowed, a proof of claim in the full amount of its indebtedness — $21,321.39; the claim of Harriet H. Ryan, in all respects, is disallowed.
Submit order accordingly.